Howard James ST. JULES, Appellant,

v.

The STATE of Texas, Appellee.

No. 41849.

Court of Criminal Appeals of Texas.

Feb. 19, 1969.

John B. Davidson, Harvey L. Hartman, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Allen Stilley, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is burglary; the punishment, enhanced under Art. 63, Vernon's Ann.P.C., life.

Trial was before a jury on a plea of not guilty. The jury having found him guilty, appellant elected to have the court assess the punishment. Evidence, including the admission and stipulation by appellant proving the allegations of the indictment as to two prior convictions of burglary, was introduced and the punishment was assessed at life.

Appellant's first ground of error is that the trial court erred in overruling his motion to quash the indictment "for the reason that appellant was denied the counsel of an attorney in contravention of his constitutional rights."

His second ground of error presents the contention that appellant's oral confession, which led to the recovery of property taken from the burglarized building, was not admissible because when warned of his rights he requested an attorney but none was provided.

█ The trial court did not err in overruling the motion to quash the indictment. The question raised goes to the admission of evidence, not to the form or validity of the indictment. Arts. 27.08 and 27.09 Vernon's Ann.C.C.P.

Evidence was heard by the court out of the presence of the jury on the question of the admissibility of appellant's oral confession which led to the recovery of a television set taken from the burglarized premises. The fact issue raised by appellant's testimony at such hearing, that he requested counsel, was resolved against appellant.

Officer D. W. Texter testified that appellant was taken before a magistrate and warned of his rights, as provided in Art. 15.17 V.A.C.C.P., and that after such warning he gave appellant substantially the same warning (except as to an examining trial) as that given by the magistrate, reading from a card given him by the District Attorney: "You have the right to have a lawyer present to advise you either prior to any questioning or during any questioning. If you are unable to employ a lawyer, you have the right to have a lawyer appointed to counsel with you prior to or during any questioning, and you have the right to remain silent and not make any statement at all; and that any statement you make may and probably will be used in evidence against you at your trial. You

have the right to terminate the interview at any time."

■ The trial court did not err in finding that the oral confession was admissible, appellant having been twice warned of his rights, under Art. 38.21 C.C.P. (1965) and Art. 38.22 C.C.P. as amended (1967) in effect at the time of the trial.

Art. 38.21 provides:

"The confession of a defendant may be used in evidence against him if it appear that the same was freely made without compulsion or persuasion, under the rules hereafter prescribed."

Art. 38.22, as amended, reads in part:

"1. The oral or written confession of a defendant made while the defendant was in jail or other place of confinement or in the custody of an officer shall be admissible if:

\*     \*     \*     \*     \*     \*

(e) It be made orally and the defendant makes a statement of facts or circumstances that are found to be true, which conduce to establish his guilt, such as the finding of secreted or stolen property, or the instrument with which he states the offense was committed."

The oral confession was not inadmissible under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

The remaining ground of error relates to the overruling of appellant's motion for new trial based on jury misconduct.

The motion for new trial was not filed within ten days after judgment was rendered on the jury's verdict, and not until more than ten days after sentence was pronounced and notice of appeal was given.

Both the transcript of the court reporter's notes and the sentence entered in the minutes of the court reflect that appellant waived the ten days allowed by Art. 40.05 V.A.C.C.P. "after conviction as evidenced by the verdict of the jury" for filing a motion for new trial. Said sentence was pronounced on March 26, 1968, the day the jury's verdict was received and entered by the court.

The motion for new trial was filed April 12, 1968; the hearing set for June 14, 1968.

Art. 40.05, supra, further provides that a motion for new trial "shall be determined by the court within twenty days after the filing of the original or amended motion, but for good cause shown the time for filing or amending may be extended by the court."

■ The record reflects no extension of time for filing the motion. The motion was not amended. The statute does not authorize an extension of the time in which a motion for new trial shall be determined.

■■ The action of the court in overruling the motion for new trial is not before us for review. If timely filed, the motion for new trial was overruled by operation of law twenty days after it was filed. Steward v. State, Tex.Cr.App., 422 S.W.2d 733.

If before us, the complained of conduct of the jury is that appellant's statement in open court, when called upon to plead to the indictment: "I plead guilty with the State Your Honor," was discussed in the jury room.

The jury was retired and upon their return a plea of not guilty was entered.

■ No request was made for instruction to the jury regarding appellant's "inadvertent" plea of guilty. A mere reference to the statement by a juror during deliberation of the jury does not constitute receipt of other testimony or jury misconduct.

The judgment is affirmed.

DOUGLAS, J., not participating.