**James Ellis GUY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42941.**

Court of Criminal Appeals of Texas.

June 24, 1970.

Glen Sutherland, El Paso, for appellant.

Jamie C. Boyd, Dist. Atty., and Wanda E. Creamer, Asst. Dist. Atty., El Paso, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

WOODLEY, Presiding Judge.

The offense is attempted burglary; the punishment, 4 years.

Trial was before a jury on June 24, 1969, on a plea of not guilty. The court assessed the punishment.

Sentence was pronounced on July 3, 1969. On the same day motion for new trial was filed.

On July 25, 1969, appellant was re-sentenced.

Art. 44.08, Sec. (a), Vernon's Ann.C.C.P. provides: "It shall be necessary for defendant, as a condition of perfecting an appeal to the Court of Criminal Appeals, to give notice of appeal. This notice may be given orally in open court or may be in writing filed with the clerk. Such notice shall be sufficient if it shows the desire of defendant to appeal from the conviction to the Court of Criminal Appeals."

Section (c) of said Article, applicable in cases such as this, provides: " * * * such notice shall be given or filed within ten days after sentence is pronounced."

Section (e) of said Article 44.08 provides: "For good cause shown, the trial court may permit the giving of notice of appeal after the expiration of such ten days."

The record on appeal contains no written notice of appeal showing a date of filing within the time required by law and no judgment, sentence or other court order or any docket entry by the court showing that notice of appeal was duly given. (Art. 44.08, Sec. (d), V.A.C.C.P.) [1]

In the absence of the required notice of appeal this court is without jurisdiction to entertain the appeal.

The appeal is dismissed.

---

1. Appellant is an indigent and was represented by court appointed counsel. There is an order of the court dated July 22, 1969 (more than 10 days after sentence on July 3 and prior to the resentence on July 25) granting appellant's motion and directing the court reporter to prepare for the use of the defendant on appeal a statement of facts, together with any other instruments or papers necessary to the perfection of his appeal.