**Grover C. McDANIEL, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 43337.**

Court of Criminal Appeals of Texas.

Dec. 16, 1970.

Rehearing Denied Jan. 27, 1971.

James A. Mills, Dallas (on appeal only), for appellant.

Henry Wade, Dist. Atty., Alvin Walvoord, Ronald Chapman, John B. Tolle, Camille Elliott and James P. Finstrom, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is breaking and entering an automobile with the intent to commit theft; the punishment, three (3) years.

A prior appeal of this conviction was dismissed for the want of a sentence, McDaniel v. State, Tex.Cr.App., 447 S.W.2d 910.

Appellant's court appointed attorney on appeal contends that the record does not affirmatively show that appellant was personally present at the time of the hearing, if there was a hearing, on his motion for new trial. His motion for new trial was overruled by operation of law twenty days after it was filed, Steward v. State, Tex. Cr.App., 422 S.W.2d 733.

He next contends that the court committed fundamental error in permitting the prosecutor to make certain argument even though no objection was made. The argument discussed appellant's prior criminal record, which was elicited from appellant on cross-examination. We overrule this contention.

He next contends that the court should have responded to appellant's pro se requested instruction relating to "mere presence at time or place." There is no showing that this requested instruction was ever presented to the trial court. Appellant was represented by court appointed attorney at his trial.

The requested instruction by appellant's attorney on circumstantial evidence was properly refused, because the State's witnesses testified that when they arrived the appellant was seated in the burglarized automobile, and that he attacked them with a knife when they sought to hold him for the police.

He next contends that the court committed fundamental error in not charging the jury as to "mistake of fact." We fail to find that such a charge was requested or that the charge was objected to for the failure to so charge.

Last, attorney on appeal charges that the trial court should have granted a mistrial on the court's own motion when the court appointed attorney on trial, in the presence of the jury, advised the appellant not to take the stand in his own behalf, which advice appellant ignored.

Appellant contends that this statement inferred to the jury that his attorney did not believe the testimony that he was about to give. Any possible prejudice that this statement might have caused to the appellant was made moot when, on cross-examination, the State questioned him about four prior felony convictions and two misdemeanor convictions. The lawyer's admonition to appellant was good advice and should have been heeded, but should not have been given in the jury's presence.

Finding no reversible error, the judgment of the trial court is affirmed.