**Hilario PEREZ & Osbaldo Perez, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46430.**

Court of Criminal Appeals of Texas.

July 3, 1973.

Gil C. Garza, Jr., Corpus Christi, for appellant.

Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

JACKSON, Commissioner.

Appellants were convicted upon pleas of guilty of breaking and entering a motor vehicle with intent to commit theft. Punishment was assessed by the jury at one year each, probated. From this judgment, both defendants have appealed.

The State has filed a motion to dismiss the appeal claiming that the appellants failed to give proper notice of appeal and that as a consequence of the failure this Court does not have jurisdiction to hear the appeal. We agree with the State in this contention.

The record discloses that judgment on the verdict was entered by the court on March 21, 1973, and that on that same date, both appellants gave notice of appeal. Subsequently, on March 31, 1973, a motion for new trial, signed by both appellants, was filed with the trial court. No other notice of appeal is shown by the record. This action, according to the State, rendered the notice of appeal premature and thus ineffective under the holding of Menasco and Hill v. State, (No. 46,222, June 13, 1973).

In Menasco and Hill, supra, which was likewise a probation case, the defendants, following entry of judgment, filed motions for new trial. Subsequently but on the same day, they gave notice of appeal. There, we held that such notice was premature and not in compliance with the procedures outlined in Article 44.08(b), Vernon's Ann.C.C.P., which provides that in probation cases notice of appeal must be given within ten days after the motion or amended motion for new trial is overruled, or, if there be no motion or amended mo-

tion, then within ten days after entry of judgment. Thus, it was there said that there being no effective notice of appeal, this Court was without jurisdiction to entertain the appeal, citing Guy v. State, Tex. Cr.App., 455 S.W.2d 277.

■ Here, appellants' notice of appeal was effective at the time it was given, to-wit, within ten days of entry of judgment, no motion for new trial having been made. However, when appellants filed their motion for new trial, they clearly elected to proceed under that portion of Article 44.08, supra, which requires notice of appeal to be given within ten days after the motion or amended motion for new trial is overruled.

The record does not contain an order of the trial court ruling on appellants' motion for new trial. Thus, under Article 40.05, V.A.C.C.P., such motion was overruled by operation of law twenty days after its filing. Notice of appeal should have again been given by appellants within ten days of this date as required by Article 44.08, supra.

Effective notice of appeal being absent from the record, the appeal must be dismissed. Menasco and Hill v. State, supra; Guy v. State, supra.

■ Nevertheless, we point out that under 44.08(e), V.A.C.C.P., the trial court may permit the giving of notice of appeal after the expiration of the ten days mentioned in section (b) upon a showing of good cause. If such good cause is shown, the trial court may yet permit notice of appeal to be given allowing the appeal to proceed under Article 40.09, V.A.C.C.P. In such event, the allegations as to good cause and the evidence thereon should be shown in the record, to enable this Court to properly review the same.

The appeal is dismissed.

Opinion approved by the Court.