**Larry MORTON and Mauricio Rodriguez, Appellants,**

**v.**

**The STATE of Texas, Appellee.**

**No. 47760.**

Court of Criminal Appeals of Texas.

Dec. 12, 1973.

None on appeal for appellant.

Carol S. Vance, Dist. Atty., and James C. Brough, Asst. Dist. Atty., Houston, Jim D. Vollers, State's Atty., Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

JACKSON, Commissioner.

This is an appeal from a conviction for possession of marihuana, with punishment being assessed at five (5) years, probated.

The record reflects that the jury returned its verdicts, as to both appellants, on November 9, 1972, with judgments being entered that date. Both appellants, by and through their retained counsel, filed original motions for new trial on November 22, 1972, and thereafter filed amended motions for new trial on December 1, 1972 and December 21, 1972, respectively. On January 26, 1973, the trial court overruled appellants' amended motions for new trial, at which time appellants immediately gave notice of appeal to this court.

There is no statement of facts in this record.

There is no order of the trial judge granting leave to file the amended motion for new trial. See Article 40.05, Vernon's Ann.C.C.P. The trial court's docket sheet does not reflect that a hearing was held on any of the motions for new trial.

In the record before this Court, it is apparent that the appellants' motion for new trial was not timely filed. Article 40.05 requires:

"A motion for new trial *shall be filed* within ten days after conviction as evidenced by the verdict of the jury, and may be amended by *leave of the court* at any time before it is acted on within twenty days after it is filed. (Emphasis added)"

As pointed out by the emphasized statute above, the appellants were under an obligation to file their motion for a new trial within ten days of the date of judgment, which was not done. The untimely filing of a motion for new trial prevents consideration of that motion. See Morales

v. State, 458 S.W.2d 56 (Tex.Cr.App. 1970); Bennett v. State, 450 S.W.2d 652 (Tex.Cr.App.1970); Roberts v. State, 493 S.W.2d 849 (Tex.Cr.App.1973).

 This Court has held that the provisions of Article 40.05 do not authorize an extension of time in which a motion for new trial can be determined. See St. Jules v. State, 438 S.W.2d 568 (Tex.Cr.App. 1969). Under these circumstances, we are of the opinion appellants' motions for new trial were completely *ineffective* to require a ruling on these motions by the trial court. Therefore, the trial court's order of January 26, 1973, at which time the motions for new trial were overruled and notice of appeal given, was also ineffective.

The record further conclusively shows that notice of appeal as required by Article 44.08(b), V.A.C.C.P., was *not* filed within ten days of the judgment in this case. Therefore, since *neither* a timely motion for new trial *nor* timely notice of appeal were filed within ten days of entry of judgment, we conclude that this Court does not have jurisdiction of this appeal. See and compare Perez v. State, 496 S.W. 2d 627 (Tex.Cr.App.1973); Menasco and Hill v. State, 503 S.W.2d 273 (Tex.Cr. App., No. 46,222, 1973); Guy v. State, Tex.Cr.App., 455 S.W.2d 277.

Nevertheless, we note that under Article 44.08(e), V.A.C.C.P., the trial court may permit the giving of a notice of appeal after the expiration of the ten days mentioned in Sec. (b) on a showing of good cause. If such good cause is shown the trial court may yet permit notice of appeal to be given allowing the appeal to proceed under Article 44.09, V.A.C.C.P. In such event, the allegations as to good cause and the evidence thereon should be shown in the record to enable this Court to properly review the same. See Menasco and Hill v. State, (on motion to reinstate appeal) 503 S.W.2d 273, No. 46,222, (1973); Perez v. State, supra; Morrow v.

State, 481 S.W.2d 144 (Tex.Cr.App.1972); McDonald v. State, 501 S.W.2d 111 (Tex. Cr.App.1973).

The appeal is dismissed.

Opinion approved by the Court.