Larry **CHAPPELL**, Appellant,

v.

**The STATE of Texas**, Appellee.

No. 48820.

Court of Criminal Appeals of Texas.

Sept. 18, 1974.

Jerry L. Jamieson and Mike Beard, Waco, for appellant.

Martin Eichelberger, Dist. Atty., Dick Kettler, Ken Crow, Joe Guyton, and Frank M. Fitzpatrick Jr., Asst. Dist. Attys., Waco, Jim D. Vollers, State's Atty., Austin, for the State.

### OPINION

ODOM, Judge.

Appellant was convicted of murder; punishment was assessed by a jury at death. Subsequently, the Governor commuted his punishment to life imprisonment.

At the outset we are confronted with a jurisdictional problem. Article 44.08, Vernon's Ann.C.C.P., provides in part:

"(a) It shall be necessary for defendant, as a condition of perfecting an appeal to the Court of Criminal Appeals, to give notice of appeal . . .

"(b) In cases where the death penalty has been assessed or in probation cases where imposition of sentence is suspended, such notice shall be given or filed within *ten days after overruling of the motion or amended motion for new trial* and if there be no motion or amended motion for new trial, then within ten days after entry of judgment on the verdict." (Emphasis added).

Appellant's timely [1] amended motion for new trial was filed August 2, 1971. Article 40.05, V.A.C.C.P., provides in part:

"A motion for new trial shall be filed within ten days after conviction as evi-

---

1. Appellant was convicted on June 18, 1971. Ten days later appellant's original motion for new trial was timely filed on June 28, 1971. Subsequently, by leave of the court, after a fifteen day extension of time for amending the original motion was granted, appellant's amended motion was timely filed on August 2, 1971. See Article 40.05, V.A.C.C.P.

denced by the verdict of the jury, and may be amended by leave of the court at any time before it is acted on within twenty days after it is filed. Such motion shall be presented to the court within ten days after the filing of the original or amended motion, and *shall be determined by the court within twenty days after the filing* of the original or amended motion, but for good cause shown the time for filing or amending may be extended by the court, but shall not delay the filing of the record on appeal." (Emphasis added).

In Morton v. State, Tex.Cr.App., 502 S. W.2d 121, this Court stated:

"This Court has held that the provisions of Article 40.05 do not authorize an extension of time in which a motion for new trial can be determined. See St. Jules v. State, 438 S.W.2d 568 (Tex.Cr. App.1969)."

Accordingly, appellant's motion for new trial was overruled by operation of Article 40.05, supra, on August 22, 1971. Notice of appeal not having been given until September 9, 1971, over ten days after the overruling of the motion, it came too late. There being no timely notice of appeal, this Court does not have jurisdiction to hear this appeal.

■ Nevertheless, as noted in Morton v. State, supra, under Article 44.08(e), V.A. C.C.P., the trial court may permit notice of appeal to be given after expiration of the ten day limit in Article 44.08(b), supra, *upon a showing of good cause.* If such good cause be shown the trial court may yet permit notice of appeal to be given and the appeal to proceed under Article 40.09, V.A.C.C.P. In such event the allegations and evidence of good cause must appear in the record so this Court may properly review the same. See Morton v. State, supra, and cases cited therein.

The appeal is dismissed.