James Roger FARRIS, Appellant,

v.

The STATE of Texas, Appellee.

No. 49002.

Court of Criminal Appeals of Texas.

Oct. 30, 1974.

Don L. Jarvis and Ray F. Grisham, Sherman, for appellant.

Joe Max Shelton, Dist. Atty., and John O. Langdon, Asst. Dist. Atty., Sherman, Jim D. Vollers, State's Atty., and Lawrence Gist, Asst. State's Atty., Austin, for the State.

OPINION

GREEN, Commissioner.

Appellant was convicted of murder; his punishment was assessed at death. Subsequently, the Governor commuted the punishment to life imprisonment.

Initially, we are confronted with a jurisdictional problem, since the record shows that the appellant's motion for a new trial in the trial court was not timely filed, and that his notice of appeal was given too late to be effective. See Chappell v. State (No. 48,820, September 18, 1974) (Opinion on

original submission); Morton v. State, Tex. Cr.App., 502 S.W.2d 121.

The record reflects that the judgment on the verdict was entered September 23, 1970, appellant's motion for new trial was filed October 29, 1970, some thirty-six days after entry of the judgment, and that notice of appeal was first given on December 3, 1970. Article 44.08, Vernon's Ann.C.C. P., requires that where the death penalty has been assessed notice of appeal be given or filed within ten days after overruling of the motion for new trial and, if there be no motion or amended motion for new trial, within ten days after entry of judgment on the verdict.

Article 40.05, V.A.C.C.P., reads in part:

"A motion for new trial shall be filed within ten days after conviction as evidenced by the verdict of the jury, and may be amended by leave of the court at any time before it is acted on within twenty days after it is filed. Such motion shall be presented to the court within ten days after the filing of the original or amended motion, and *shall be determined by the court within twenty days after the filing* of the original or amended motion, but for good cause shown the time for filing or amending may be extended by the court, but shall not delay the filing of the record on appeal." (Emphasis added).

The record does not reflect that appellant's *motion for new trial* was presented to or ruled on by the trial court. It is apparent that the motion was not timely filed, and was completely ineffective for all purposes. Morton v. State, Tex. Cr.App., 502 S.W.2d 121. Also, the notice of appeal was filed much too late to give this Court jurisdiction of the appeal. Chappell v. State, supra; Morton v. State, supra.

Appellant and the State filed a joint motion in the trial court on May 30, 1974, asking for an order "waiving any requirements which otherwise might be imposed on the Defendant in perfecting his appeal as to time limitations and any other proce-dural requirements within the Code of Criminal Procedure and/or the applicable portions of the Code of Civil Procedure." As grounds, they specified (1) "that appellant's present attorney was appointed approximately three years after the trial," (2) "that Defendant has a meritorious appeal and one which, in order to do substantial justice, should be considered by the Court of Criminal Appeals of the State of Texas," and (3) "that this Defendant is indigent and that he has been at all times represented by court appointed counsel."

On the same day the motion was filed the trial court "after hearing evidence both contained in the record and adduced out of the record" granted the motion.

The record contains no affidavit or sworn testimony supporting the court's order granting the motion and waiving the procedural requirements relative to the appeal.

In Menasco v. State, Tex.Cr.App., 503 S.W.2d 273, 275 (opinion on rehearing), we said:

"The phrase 'good cause,' as used in Article 44.08(e), V.A.C.C.P. authorizing the trial court to permit the giving of late notice of appeal, necessarily implies that such a finding will be based upon sufficient evidence. When the trial court does permit the giving of a late notice of appeal it is subject to the review of this court to determine whether 'good cause' has been shown. Evidence in the record must support the trial court's order. The supportive evidence should be by affidavit or sworn testimony.

"This record does not contain an affidavit or sworn testimony supporting the trial court's order granting delayed notice of appeal. In the absence of supporting evidence in the record, we cannot determine whether 'good cause' was shown in support of the order granting delayed notice of appeal."

See also McCuin v. State, Tex.Cr.App., 504 S.W.2d 512; Morton v. State, supra; McDonald v. State, Tex.Cr.App., 501 S.W. 2d 111.

**948**

Although the record reflects the indigency of appellant at all times involved in the case, it also discloses that appellant was at all such times represented by appointed counsel. There is no adequate showing by supporting evidence of the "good cause" required by Article 44.08(e), V.A.C.C.P. There being no timely notice of appeal, this Court does not have jurisdiction to hear this appeal.

Nevertheless, as noted in Morton v. State, supra, and Chappell v. State, supra, under Article 44.08(e), V.A.C.C.P., the trial court may permit notice of appeal to be given after expiration of the ten day limit in Article 44.08(b), supra, *upon a showing of good cause.* If such good cause be shown the trial court may yet permit notice of appeal to be given and the appeal to proceed under Article 40.09, V.A.C.C.P. In such event the allegations and evidence of good cause must appear in the record so this Court may properly review the same. See Morton v. State, supra, and cases cited therein.

The appeal is dismissed.

Opinion approved by the Court.