**Alex MORGAN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 49244.**

Court of Criminal Appeals of Texas.

Feb. 19, 1975.

Rehearing Denied March 15, 1975.

H. Tati Santiesteban and Jose Juarez, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., and Anita Ashton, Asst. Dist. Atty., El Paso, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

■ The original appeal in this case was dismissed for failure to give timely notice of appeal. Sentence was pronounced on October 12, 1973. Although formal written notice of appeal was not given until October 23, 1973, the docket sheet reflects that oral notice was given in open court on October 12, 1973. Article 44.08(a), Vernon's Ann.C.C.P. Therefore, the appeal is reinstated.

Appellant was convicted of possession of marihuana; punishment was assessed at ten years' imprisonment.

Since the sufficiency of the evidence to show possession and control of the contraband is challenged, a review of the facts is necessary.

In El Paso on September 25, 1972, Department of Public Safety agents Imbert and Hernandez met with Allen Miller to arrange a narcotics transaction. The agents showed Miller $75,000 in cash. Arrangements were made for the purchase of a large quantity of marihuana. The agents were directed to go to Arby's Roast Beef at 1:30 P.M. on September 26, 1972, where they met Miller and Jake Rogers. From Arby's the agents proceeded to the Circle K Drive-In grocery parking lot with Rogers and Miller.

The appellant drove through the Circle K parking lot in a Ford automobile and then returned followed by a truck. At that time, the appellant signaled to Miller and Rogers. Miller said to the agents, referring to appellant, "There is the boss." The Ford automobile stopped, the agents drove closer to the store and stopped by the Ford, and the truck parked next to the agents. The appellant told Rogers to "Get the money." Agent Hernandez approached appellant's car and said "something to the effect about 'you people have seen the money so you know we haven't seen the marihuana, so the money ain't leaving until we see the marihuana.'" The appellant responded, "The marihuana is in the truck on those boxes, go check it, then get in the truck, follow me and we will go weigh it."

Agent Hernandez walked to the truck, cut open one of the packages and saw what he believed to be marihuana. The appellant then said to Rogers, "Count the money and take it to my house." Hernandez identified himself as a police officer and attempted to arrest appellant who tried to drive away in his car. Hernandez jumped "in the window (of appellant's car)", held the steering wheel and was dragged 15 or 20 feet before appellant stopped. The appellant, Miller, Rogers and another defendant were arrested. It was proved that the boxes in the truck contained 335.1 pounds of marihuana.

■ The contention is that the evidence fails to show appellant had possession or control of the marihuana. The statements of appellant and his conduct at the scene show sufficient knowledge and control to link him to the marihuana. See Woolridge v. State, Tex.Cr.App., 514 S.W.2d 257 (1974); Barnes v. State, Tex.Cr.App., 504 S.W.2d 450; Wright v. State, Tex.Cr.App., 500 S.W.2d 170; Valdez v. State, Tex. Civ.App., 481 S.W.2d 904.

Appellant complains of several statements made by Miller and Rogers to the

Department of Public Safety agents when the marihuana sale was arranged. Miller and Rogers were not tried with appellant and did not testify. The contention is that the statements were prejudicial hearsay and their admission into evidence denied appellant the right to confront witnesses against him. All of the statements were relevant to show the inducement for entering into the transaction, the relation between the parties and the business reputation of the defendants.

■ The fact that a conspiracy existed between Miller, Rogers and the appellant is apparent from the evidence. See and compare White v. State, Tex.Cr.App., 451 S.W.2d 497, 502 (opinion on appellant's motion for rehearing), and Aguero v. State, 164 Tex.Cr.R. 265, 298 S.W.2d 822. Proof that the appellant and others were acting together in selling marihuana is by itself sufficient to establish a conspiracy. Saddler v. State, 167 Tex.Cr.R. 309, 320 S.W.2d 146. The statements of co-conspirators Miller and Rogers relevant to and during the course of the conspiracy are admissible as an exception to the hearsay rule. Cf. Lapp v. State, Tex.Cr.App., 519 S.W.2d 443 (1975); White v. State, supra, 451 S.W.2d 498 (opinion on State's motion for rehearing), and the cases cited therein. Admission of the statements did not conflict with the confrontation requirement of the Sixth Amendment to the U. S. Constitution. See White v. State, supra, 451 S. W.2d 498 (opinion on State's motion for rehearing).

■ Appellant contends that certain testimony offered by the defense was erroneously excluded. The appellant called as witnesses Bart Cox, attorney for Rogers, and Clarence Moyers, attorney for Miller, who gave testimony out of the presence of the jury. Cox said Rogers wished to take the stand to support the appellant but had taken his advice not to testify. It was stipulated that Moyers would testify essentially the same as Cox regarding his client Miller. The trial judge refused to permit the attorneys to give such testimony in front of the jury. Such was properly excluded since it was almost entirely hearsay and not admissible. No error is shown.

Finally, appellant contends the court erred in refusing to grant a new trial based on his allegations of jury misconduct. A motion for a new trial alleging jury misconduct was filed on August 17, 1973.[1]

■ No amended motion was filed nor was the time for filing or amending extended for good cause shown, as permitted by Article 40.05, V.A.C.C.P. A hearing on the motion was held on November 20, 1973, long after expiration of the twenty days allowed for determining the motion by Art. 40.05, supra. No extension of time for determination of the motion is authorized. Article 40.05, V.A.C.C.P.; Morton v. State, Tex.Cr.App., 502 S.W.2d 121. The motion for new trial was overruled by operation of law twenty days after it was filed.[2] Consequently, the hearing conducted on the motion was unauthorized and will not be considered by this Court. Boykin v. State, Tex.Cr.App., 516 S.W.2d 946.

Finding no reversible error, the judgment is affirmed.

---

1. No supporting affidavit by a juror or other person in a position to know the facts was submitted.

2. Furthermore, the judge could have properly overruled the motion since it did not contain a supporting affidavit. Story v. State, Tex. Cr.App., 502 S.W.2d 764.