Warren K. STEFFEN, II, Appellant,

v.

The STATE of Texas, Appellee.

No. 50673.

Court of Criminal Appeals of Texas.

July 23, 1975.

No atty. on appeal.

Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

This is an appeal from a conviction for felony theft; the punishment assessed by the jury is imprisonment for five years. The imposition of sentence was suspended and the appellant was granted probation on the recommendation of the jury. This appeal will be dismissed because notice of appeal was not timely given.

The jury verdict assessing punishment and the judgment were entered on October 17, 1974. Appellant timely filed a motion for new trial on October 21, 1974. The trial court overruled appellant's motion for new trial on December 13, 1974, and the appellant gave notice of appeal on the same date. No amended motion for new trial appears in the record.

Article 40.05, Vernon's Ann.C.C.P., requires that a motion or an amended motion for new trial shall be determined by the court within twenty days after it is filed. This provision has been held to be mandatory. Grimes v. State, 171 Tex.Cr.R. 298, 349 S.W.2d 598 (1961); Steward v. State, 422 S.W.2d 733 (Tex.Cr.App.1968); Cranfil v. State, 525 S.W.2d 518 (Tex.Cr.App., delivered July 16, 1975). In the instant case the motion for new trial was overruled by operation of law on Monday, November 11, 1974. See Cranfil v. State, supra; McDaniel v. State, 461 S.W.2d 603 (Tex.Cr.App. 1971); Steward v. State, supra.

Article 44.08, V.A.C.C.P., provides that in probation cases where imposition of sentence is suspended, notice of appeal shall be given or filed within ten days after the overruling of the motion or amended motion for new trial and if there is no motion or amended motion for new trial, then within ten days after entry of judgment on the verdict. In the instant case, notice of appeal was not given within ten days after the appellant's motion for new trial was overruled by operation of law; notice of appeal was untimely. See Perez v. State,

496 S.W.2d 627 (Tex.Cr.App.1973), and cases there cited.

The record does not show that timely notice of appeal was given; therefore, the appeal must be dismissed. Perez v. State, supra.

The appeal is dismissed.

Opinion approved by the Court.