Gene Allen McINTOSH, Appellant,

v.

The STATE of Texas, Appellee.

No. 51574.

Court of Criminal Appeals of Texas.

March 17, 1976.

Kenneth J. Douglas, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Kay Burkhalter, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

Appellant was convicted by a jury for illegally practicing medicine under Title 12, Chapter 6, Vernon's Ann.P.C. (1925). The court assessed punishment at fifteen (15) days in jail and at a $200 fine; however, probation was granted for a period of thirty (30) days.

The order granting appellant misdemeanor probation was entered in the minutes of the court on November 14, 1974. On the same date appellant filed his original motion for new trial. On December 20, 1974, appellant filed his first and second amended motions for new trial. Another amended motion for new trial was filed on January 6, 1975. On January 13, 1975, after a hearing, all motions for new trial were overruled by the trial court. On the same date notice of appeal was given. Notice of appeal does not appear to have been given at an earlier time.

At the outset we are confronted with the question of whether our jurisdiction has been legally invoked and the case is properly before us for review on the merits. We have decided that we lack jurisdiction and, accordingly, dismiss the appeal.

Article 42.13, Vernon's Ann.C.C.P., the misdemeanor probation law, provides in Sec. 8(a) that "(a) A probationer, at the time he is granted probation, *may* appeal his conviction *as in other cases.* (Emphasis Supplied.) The use of the word "may" indicates that an appeal in such cases is not mandatory or automatic, and the use of the phrase "as in other cases" indicates that an appeal must be properly and timely perfected. Unfortunately, Article 42.13, supra, does not state how an appeal is to be perfected in a misdemeanor case where probation is granted.

Article 44.08(a), Vernon's Ann.C.C.P., provides in part:

"It shall be necessary for defendant, as a condition of perfecting an appeal to the Court of Criminal Appeals, to give notice of appeal. . . ."

By this statute the Legislature has mandated that notice of appeal must be given in order that this court might review the merits of a criminal conviction.

In construing Article 44.08(a), supra, and Article 42.13, Sec. 8(a), supra, together, it is apparent that the Legislature intended that notice of appeal be given in a misdemeanor case where probation is granted in order to perfect an appeal to this court. The question which remains to be answered is when one must give notice of appeal in a case such as the instant one.

It is elementary that notice of appeal must be timely given to this court, otherwise the jurisdiction of this court is not legally invoked. The absence of such timely notice requires dismissal of an appeal.[1]

1. See Annotation 8, Article 44.08, Vernon's Ann.C.C.P.

Article 44.08(b) and (c) govern the time for giving notice of appeal.[2] Article 44.08(b) provides:

"In cases where the death penalty has been assessed or in probation cases where imposition of sentence is suspended, such notice shall be given or filed within ten days after overruling of the motion or amended motion for new trial and if there be no motion or amended motion for new trial, then within ten days after entry of judgment on the verdict."

It is apparent that this statute must govern the giving of notice of appeal in a misdemeanor case since we have been unable to find any other legislative enactment which governs the perfection of appeal in such cases.

If no motions for new trial are filed in a misdemeanor probation case, it would appear that notice of appeal must be given within ten days after entry of judgment; however, under the terms of Article 42.13, Vernon's Ann.C.C.P. no judgment[3] is to be entered in such cases. See *Ex parte Smith*, 493 S.W.2d 958 (Tex.Cr.App.1973); *Coby v. State*, 518 S.W.2d 829 (Tex.Cr.App.1975). Article 42.13, Sec. 4,[4] supra, provides that the trial court shall record the fact and date that probation was granted on the docket sheet or in the minutes of the court.

Reading Article 42.13, Sec. 4, supra, and Article 44.08(b), supra, together, we hold that in misdemeanor cases where probation is granted notice of appeal must be given within ten days after entry of the written order granting an appellant probation[5] if no motions for new trial are timely filed.

We must next consider when notice of appeal must be given in misdemeanor probation cases when motions for new trial are filed. In so doing, we must determine when motions for new trial must be filed in order to be timely.

Article 40.05, Vernon's Ann.C.C.P., governs the time for filing motions for new trial. It provides in part:

2. Article 44.08(c), (d) and (e) provide:
"(c) In all other cases such notice shall be given or filed within ten days after sentence is pronounced.
"(d) The record on appeal will be deemed sufficient to show notice of appeal was duly given if it contains written notice of appeal showing a date of filing within the time required by law or if the record contains any judgment or sentence or other court order or any docket entry by the court showing that notice of appeal was duly given.
"(e) For good cause shown, the trial court may permit the giving of notice of appeal after the expiration of such ten days."
For cases dealing with "good cause" see: *Reed v. State*, 481 S.W.2d 814 (Tex.Cr.App. 1972); *Perez v. State*, 496 S.W.2d 627 (Tex. Cr.App.1973); *McDonald v. State*, 501 S.W.2d 111 (Tex.Cr.App.1973); *Morton v. State*, 502 S.W.2d 121 (Tex.Cr.App.1973); *Menasco v. State*, 503 S.W.2d 273 (Tex.Cr. App.1973); *McCuin v. State*, 504 S.W.2d 512 (Tex.Cr.App.1974); *Robinson v. State*, 505 S.W.2d 298 (Tex.Cr.App.1974); *Martinez v. State*, 511 S.W.2d 934 (Tex.Cr.App. 1974); *Farris v. State*, 514 S.W.2d 946 (Tex. Cr.App.1974); *Garrison v. State*, 517 S.W.2d 553 (Tex.Cr.App.1975); *Chappell v. State*, 519 S.W.2d 452 (Tex.Cr.App.1974).

3. A judgment is defined in Article 42.01, Vernon's Ann.C.C.P.

4. Article 42.13, Sec. 4, provides:
"(a) When a defendant is granted probation under the terms of this Act, the finding of guilt does not become final, nor may the court render judgment thereon, except as provided in Section 6 of this Article.
"(b) The court shall record the fact and date that probation was granted on the docket sheet or in the minutes of the court. The court shall also note the period and terms of probation, and the details of the judgment. The court's records may not reflect a final conviction, however, unless probation is later revoked in accordance with Section 6 of this Article."
It is the better practice to enter a formal order granting probation as was done in the instant case. See Sections 2806–2808, Vol. 8, Willson's Tex.Cr. Forms Ann. (7th Ed.— Morrison and Blackwell).

5. It should be borne in mind that the date probation is granted and the date the written order is actually entered may be different. The better practice is to enter the written order the same date probation is granted whether by the jury or the court.

"A motion for new trial shall be filed within ten days after conviction as evidenced by the verdict of the jury, and may be amended by leave of the court at any time before it is acted on within twenty days after it is filed. Such motion shall be presented to the court within ten days after the filing of the original or amended motion, and shall be, determined by the court within twenty days after the filing of the original or amended motion, but for good cause shown the time for filing or amending may be extended by the court, but shall not delay the filing of the record on appeal. . . ."

 In *Woods v. State*, 532 S.W.2d 608 (Tex.Cr.App. delivered February 4, 1976), we held that the time in which to file a motion for new trial begins to run from the date the court grants probation. In the instant case the court granted probation on November 14, 1974, and appellant timely filed his original motion for new trial the same date. However, this motion was overruled by operation of law on December 4, 1974, twenty days after it was filed. *St. Jules v. State*, 438 S.W.2d 568 (Tex.Cr.App. 1969); *Morton v. State*, 502 S.W.2d 121 (Tex.Cr.App.1973). Notice of appeal, to have been timely, should have been given on or before Monday, December 16, 1974.

The amended motions for new trial which were filed on December 20, 1974, and January 6, 1975, were untimely.[6] There is nothing in the record before us to show that the trial court, for good cause shown, extended the time for filing these amended motions under Article 40.05, supra.[7] See *Robinson v. State*, 505 S.W.2d 298 (Tex.Cr.App.1974); *Morton v. State*, supra.

6. See *Morton v. State*, supra.

7. Although Article 40.05 allows the trial court to extend the time for filing or amending a motion for new trial, such statute does not authorize the trial court to extend the time in which such motions can be determined. *St. Jules v. State*, supra; *Morton v.*

Since the notice of appeal was not given in the instant case within ten days after the original motion for new trial was overruled by operation of law, the jurisdiction of this court has not been legally invoked and the appeal must be dismissed.[8]

The appeal is dismissed.

*State*, supra. Consequently, a motion for new trial is overruled by operation of law twenty days after it is filed unless sooner overruled by action of the trial court.

8. *Steffen v. State*, 525 S.W.2d 162 (Tex.Cr. App.1975).