**Kenneth EASTWOOD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 51466.**

Court of Criminal Appeals of Texas.

June 16, 1976.

Rehearing Denied July 19, 1976.

John J. C. O'Shea, Lubbock, for appellant.

Alton R. Griffin, Dist. Atty., Lubbock, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

This is an appeal from a conviction for possession of cocaine under Sec. 4.04 of Art. 4476–15, V.A.C.S., the Texas Controlled Substances Act. A jury found appellant guilty and the court fixed his punishment at eight (8) years' probation. The offense occurred on January 12, 1974 and trial commenced on October 14, 1974. We are confronted at the outset with a jurisdictional problem.

The jury returned its verdict on October 15, 1974 and the court ordered a pre-sentence report. The docket sheet indicates that appellant was placed on probation for eight years on November 1, 1974. A copy of the terms of probation was also filed in the records of the case on this date. However, the judgment of the court, the order actually placing appellant on probation, was not signed and filed until December 10, 1974 and the docket sheet so reflects.[1]

Appellant filed motions for new trial on November 11, 1974 and on December 2, 1974, neither of which was acted upon by the judge. Notice of appeal was given on December 26, 1974.

Our recent case of *Woods v. State*, 532 S.W.2d 608 (Tex.Cr.App.1976) can be read to mean that the time for filing motions for new trial or notice of appeal begins to run on the date the appellant learns of the disposition of his application for probation. Art. 44.08(b) and Art. 40.05, V.A.C.C.P. would then provide appellant ten days from November 1, 1974 in which to file notice of appeal or motion for new trial. In this event, then, appellant's first motion for new trial, filed on November 11, 1974 would have been timely. Under Art. 40.05, and *St. Jules v. State*, 438 S.W.2d 568 (Tex.Cr. App.1969), however, the motion was overruled within twenty days after it was filed, December 1, 1974, and notice of appeal would have to be filed by December 11, 1974. Art. 44.08(b). Since notice of appeal was not filed until December 26, the appeal would not be timely perfected. *Steffen v. State*, 525 S.W.2d 162 (Tex.Cr.App.1975).

■ The reading of *Woods v. State*, supra, upon which the preceding discussion was based, however, would be too broad. Whatever the disposition of an application for probation, time for filing motions for new trial under Art. 40.05 and notice of appeal under Art. 44.08 does not begin to run until the court has entered a *judgment* granting or denying probation. In fact, the judgment is the instrument which should indicate the granting of probation.[2] See Art. 42.01, V.A.C.C.P. In the case at bar, the judgment was not entered until December 10, 1974. This date marked the beginning of the ten-day period for filing motions for new trial or, in the absence of such motions, notice of appeal. *Savant v. State*, Tex.Cr.App., 535 S.W.2d 190 (1976). Appellant's first motion for new trial on November 11 was premature, as was his second motion for new trial on December 2, and notice of appeal, filed on December 26, was late, having been due on December 20, 1974.

We conclude that the appeal has not been perfected and that this Court lacks jurisdiction to entertain it.

The appeal is therefore dismissed.

---

1. However, compare Sec. 4.12 of the Controlled Substances Act which provides:

   "(a) If any person who has not previously been convicted of an offense under this Act . . . is charged with a violation of this subchapter or is found guilty of a violation of this subchapter after trial or on a plea of guilty, the court may, *without entering a judgment of guilt* and with the consent of the defendant, defer further proceedings and place him on probation on such reasonable conditions as it may require and for such period as the court may prescribe, *except that the probationary period may not exceed two years.*

   \* \* \* \* \* \*

   "(d) This section shall not be construed to provide an exclusive procedure. Any other procedure provided by law relating to suspension of trial or probation may be followed, in the discretion of the trial court." (Emphasis added)

   Thus, probation under this provision would not require entry of judgment unless appellant's sentence exceeded two years. Since it did in this case, these procedures are governed by Chapter 42 of the Code of Criminal Procedure.

2. Compare *McIntosh v. State*, Tex.Cr.App., 534 S.W.2d 143 (1976), fn. 5, on misdemeanor probations.