Richard McCONATHY, Appellant,

v.

The STATE of Texas, Appellee.

No. 52983.

Court of Criminal Appeals of Texas.

Dec. 15, 1976.

Kerry P. Fitzgerald, Dallas, for appellant.

Henry Wade, Dist. Atty. and Harry J. Schulz, Jr., Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a final judgment forfeiting a bail bond in the amount of $200.00.

The record reflects that on May 26, 1975 the principal on the bond, Ricky Brandenburg, was arrested for driving a motor vehicle on a public highway while intoxicated. On the same date he posted a $200.00 bail bond with the appellant McConathy as surety.

On February 6, 1976 appellant signed a printed form designed for use in the County Criminal Court of Dallas County which waived trial by jury and "any delay in sentencing." On the same day he entered a plea of guilty to the charge against him. While there is no statement of facts in the record as to the guilty plea, the docket sheet reflects that Brandenburg "2-6-76 . . . waived trial by jury, entered plea of guilty and waived delay in sentencing, Judgment of Court is Guilty as charged and assessed defendant ~~sentenced to~~ confinement in the County Jail for 3 days and a fine of $150.00 plus costs of court. /s/ Ben Ellis, Judge."

It appears that the trial judge struck the words "sentenced to" in the rubber stamp form used to make the docket entry and wrote in ink the word "assessed."

On the same date (February 6, 1976) Brandenburg filed a motion for new trial. On February 26, 1976 the appellant filed an amended motion for new trial. Such motion was overruled by operation of law on March 17, 1976, twenty days after it was filed. See *McIntosh v. State,* 534 S.W.2d 143 (Tex.Cr.App.1976); *Morgan v. State,* 519 S.W.2d 449 (Tex.Cr.App.1975); *Chappell v. State,* 519 S.W.2d 452 (Tex.Cr.App. 1974); *Eastwood v. State,* 538 S.W.2d 107 (Tex.Cr.App.1976); *Morton v. State,* 502 S.W.2d 121 (Tex.Cr.App.1973); *St. Jules v. State,* 438 S.W.2d 568 (Tex.Cr.App.1969). On March 18, 1976 the court entered a judgment nisi forfeiting the bail bond when, as the State contends, the principal Brandenburg did not appear for sentencing. On May 28, 1976, after a hearing, the judgment nisi was made final.

■ A sentence is required to be imposed in misdemeanor cases where confinement in jail is part of the possible punishment. See Article 42.02, Vernon's Ann.C. C.P. Even though the amended motion was overruled by operation of law, sentencing was a "subsequent proceeding had relative

to the charge." See Article 17.09, Vernon's Ann.C.C.P. In light of the terms of the bail bond in question and provisions of Article 17.09, supra, quoted above, the principal Brandenburg was required to be present at the sentencing on March 18, 1976 as it was a "subsequent proceeding had relative to the charge." See and cf. *McCallum v. State,* 411 S.W.2d 361 (Tex.Cr.App.1967); *McConathy v. State,* 528 S.W.2d 594 (Tex. Cr.App.1975). Appellant's liability as surety on the bond would not be discharged until the sentence had been imposed and no notice of appeal is given.

 Appellant first argues that his liability was discharged and terminated on February 6, 1976, when the principal Brandenburg "was finally convicted and sentenced." There is nothing in the record to show that Brandenburg was sentenced on February 6, 1976, the date of his guilty plea, or that he has ever been sentenced. It is true that he signed a printed form jointly waiving trial by jury and "any delay in sentencing" prior to the entry of his guilty plea. First, it is observed that waiver of the time (10 days) in which to file a motion for new trial or in arrest of judgment would be premature prior to trial. See and cf. *Ex parte Dickey,* 543 S.W.2d 99 (Tex.Cr. App.1976).

It does not appear, however, that the court considered the waiver, for no sentence was pronounced. The principal-defendant Brandenburg obviously did not consider he was bound by such waiver, for he filed his original motion for new trial on the same day as the guilty plea. We reject the claim that Brandenburg was "finally convicted and sentenced on February 6, 1976."

In the alternative, the appellant contends the court erred in entering a final judgment regarding the forfeiture of the bail bond because his liability was discharged on March 17, 1976, when the principal-defendant's amended motion for new trial was overruled as there was no subsequent proceeding authorized absent the filing of a notice of appeal. In view of what has been said previously about the necessity of sentencing, a subsequent proceeding following the overruling of a motion for new trial, appellant's contention is without merit.

The judgment is affirmed.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

In our opinion on original submission, we stated:

"Appellant first argues that his liability was discharged and terminated on February 6, 1976, when the principal Brandenburg 'was finally convicted and sentenced.' There is nothing in the record to show that Brandenburg was sentenced on February 6, 1976, the date of his guilty plea, or that he has ever been sentenced."

██ By supplemental transcript, the appellant has now brought forward certified copies of the judgment and sentence entered against the principal-defendant Brandenburg on February 6, 1976, and reurges that his liability as surety was discharged at that time. As discussed in the opinion on original submission, the principal-defendant Brandenburg executed a "waiver of delay of sentencing" before he entered a plea of guilty. The waiver was premature and ineffective. *Ex parte Dickey,* Tex.Cr.App., 543 S.W.2d 99; *Bailey v. State,* Tex.Cr. App., 543 S.W.2d 653. In the absence of any other showing that the principal-defendant validly waived the 10 days for filing a motion for new trial or motion in arrest of judgment after conviction, the sentence entered on February 6, 1976, was not valid. Thus, the hearing on March 18, 1976, for the purpose of imposing sentence was a subsequent proceeding under Art. 17.09, V.A.C.C.P., and at the time appellant's liability as surety on the bond in question had not been discharged.

Appellant's motion for rehearing is overruled.