**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-23-00402-CV**
_____

**KEITH DAY D/B/A PROFESSIONAL BAIL BONDS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court**
**Jefferson County, Texas**
**Trial Cause No. 8223B (19-32917)**

**MEMORANDUM OPINION**

Appellant Keith Day d/b/a Professional Bail Bonds appeals the trial court's Final Judgment, which forfeits a Surety Bond on which he is jointly and severally liable as the Surety and orders him to pay Appellee, the State of Texas, the $50,000 bond amount. In two issues, Day argues the Final Judgment is unenforceable because the trial court lacked authority to issue the bond forfeiture against him. For the reasons explained below, we affirm the trial court's judgment.

1

## BACKGROUND

Dadiel Albelo is the criminal defendant and principal on the Surety Bond at issue, and Day is the Surety on Albelo's bond.[1] The bond provides that both Albelo and Day are firmly bound to the State for the $50,000 bond amount on the condition that Albelo will appear in all courts to which his criminal case involving the aggravated sexual assault of a child may be transferred and remain to answer the accusation. The bond stated that Albelo and Day are bound to pay all necessary and reasonable expenses incurred in re-arresting Albelo if he fails to appear and that the obligation becomes null and void when Albelo is discharged of all legal liability for the accusation against him.

The record shows Albelo appeared for his jury trial, which began on October 4, 2022. Albelo also appeared on the second day of trial, October 5, 2022, when both parties rested, and the trial court read the jury charge and released the jury for an overnight recess. On October 6, 2022, the trial court stated that Albelo had failed to appear and was unable to be located by the bailiff or defense counsel. The trial court proceeded with the trial, and the jury found Albelo guilty of aggravated sexual assault of a child.

The trial court accepted the jury's verdict, revoked Albelo's bond, issued a warrant for his arrest, and stated Albelo had either absconded or for some other

---

[1] Albelo is not a party to this appeal.

reason had failed to appear through the duration of the trial and was not present when the jury rendered its verdict. The trial court noted that the defense attorney's reasonable efforts to locate Albelo had failed. The trial court explained that article 33.03 of the Texas Code of Criminal Procedure requires the defendant to be personally present at trial for a felony prosecution, but the trial court may proceed with the trial if the defendant voluntarily absences himself after pleading to the indictment or information. The trial court also explained that article 37.06 of the Texas Code of Criminal Procedure requires a defendant to be present in a felony case when the verdict is read unless his absence is willful or voluntary, and the trial court found there was sufficient evidence to conclude Albelo voluntarily absented himself from trial. The State added that it ran Albelo's license plate and found that at 2:59 a.m. on October 6, 2022, Albelo's vehicle crossed the border into Mexico. The trial court admitted a picture of the license plate of Albelo's vehicle driving through the border crossing and Albelo's vehicle registration showing his license plate number.

The trial court found Albelo guilty and proceeded with the punishment phase of the trial. The jury assessed Albelo's punishment at forty-five years confinement with a $10,000 fine. The trial court found that Albelo shall be sentenced in accordance with the jury's verdict and that after his arrest, the trial court shall order him to be delivered to serve his sentence.

After Albelo failed to appear for trial, the State filed suit against Albelo and Day for a forfeiture of the bond and sought a Judgment Nisi. Day filed a general denial. Almost three weeks after the trial, the trial court signed a Judgment Nisi forfeiting Albelo's bond and ordered that Albelo as principal and Day as surety are jointly and severally liable for the $50,000 bond payable to the State of Texas.

About eleven months later, the trial court conducted a hearing on scire facias. The State asked for forfeiture of the $50,000 bond to give Day the incentive to help apprehend Albelo and get him before the court, which is what the bond requires. The State explained that if Albelo is apprehended, Day could file a special bill of review to seek a reduction or reimbursement for their efforts in helping with the arrest. Day argued the Judgment Nisi is invalid because the trial court signed it nineteen days after sentencing Albelo and disposing of the case. According to Day, the sentencing was reported, and he was no longer liable for the bond. The State argued Albelo was still on bond when he jumped bail, and that the trial court had not entered a final judgment because Albelo will not be sentenced until he is apprehended and brought before the trial court. The court coordinator stated that there is no final judgment because Albelo was not present, and the trial court noted that a formal judgment is suspended until it can formally sentence Albelo and assess judgment when Albelo is brought before the court.

The trial court granted the State's requested relief. The trial court signed a Final Judgment, finding that Albelo failed to appear on October 3, 2022, to answer the pending felony charge against him and that a Judgment Nisi was rendered against Albelo and Day in the amount of $50,000. The trial court found that no good cause has been shown why Albelo failed to appear when his personal appearance was required under the Code of Criminal Procedure and that the Judgment Nisi shall be made final. The trial court ordered the Judgment Nisi be final and that the State recover from Albelo, the principal, and Day, the surety, jointly and severely, costs of court and the $50,000 bond. Day filed a Motion for New Trial, arguing the judgment is contrary to the law and evidence, and the motion was overruled by operation of law. Day appealed.

## ANALYSIS

In issues one and two, Day argues the trial court lacked authority to issue the bond forfeiture against him and sign the Final Judgment because the trial court signed the Judgment Nisi after it accepted the jury's verdict and after it sentenced Albelo despite his absence. According to Day, the Final Judgment is unenforceable because the bond was already discharged when the trial court signed the Judgment Nisi.

A bail bond contains the following two applicable requisites: (1) the defendant and his sureties, if any, bind themselves that the defendant will appear before the

5

proper court or magistrate to answer the accusation against him; and (2) the bond shall also bind the defendant to appear before any court whom the case may thereafter being pending at any time his presence is required under the Texas Code of Criminal Procedure or by any court, but sureties are not bound after the defendant is sentenced. Tex. Code Crim. Proc. Ann. art. 17.08(2), (5). When a defendant gives bail for his personal appearance before a court to answer a charge against him, the bond is binding on the defendant and his surety for the defendant's personal appearance before the court for all subsequent proceedings had relative to the charge. Tex. Code Crim. Proc. Ann. art. 17.09, § 1. Article 17.09 requires that Albelo's personal appearance at his sentencing, because the term "subsequent proceedings" includes the sentencing of the defendant. *See McConathy v. State*, 545 SW.2d 781, 782-83 (Tex. Crim. App. 1976); *McCluskey v. State*, No. 01-00-01239-CV, 2002 WL 221599, at **2-3 (Tex. App.—Houston [1st Dist.] Feb. 14. 2002, no pet.) (mem. op., not designated for publication); *see also* Tex. Code Crim. Proc. Ann. art. 17.09, § 1.

The Code of Criminal Procedure outlines the statutory framework for bond-forfeiture proceedings:

> Bail bonds and personal bonds are forfeited in the following manner: The name of the defendant shall be called distinctly at the courthouse door, and if the defendant does not appear within a reasonable time after such call is made, judgment shall be entered that the State of Texas recover of the defendant the amount of money in which he is bound, and of his sureties, if any, the amount of money in which they are

6

respectively bound, which judgment shall state that the same will be made final, unless good cause be shown why the defendant did not appear.

Tex. Code. Crim. Proc. Ann. art. 22.02; *see also Hernden v. State*, 865 S.W.2d 521, 523 (Tex. App.—San Antonio 1993, no pet.) (holding bond-forfeiture cases are "entirely statutory"). The Bailiff executed the Bailiff's Call For Defendant on October 6, 2022, which stated: "On this day in the above entitled and numbered cause, the Defendant's name was called at the Courtroom and the Courthouse door in accordance with the procedure prescribed by law at 9:00 AM said case having been set for trial on the merits on this the 3RD day of OCTOBER, 2022."

The essential elements of the State's bond-forfeiture claim are the bond and judgment nisi, which is the judicial declaration of the bond forfeiture. *Alvarez v. State*, 861 S.W.2d 878, 880-81 (Tex. Crim. App. 1992) (op. on reh'g). The State must conclusively prove three facts: (1) a valid bond; (2) the failure of the defendant to appear at a criminal hearing at which his presence is required; and (3) the calling of the defendant's name distinctly at the courthouse door. *Id.* at 881. "A judgment nisi is prima facie proof that the statutory requirements have been satisfied and the burden is on the defendant to affirmatively show otherwise." *Tocher v. State*, 517 S.W.2d 299, 301 (Tex. Crim. App. 1975) (citing *Thompson v. State*, 31 Tex. 166, 168 (1868)). If the State meets its burden, the burden shifts and the respondent must show good cause as to why the defendant failed to appear. *Alvarez*, 861 S.W.2d at

7

881. The good-cause element operates like an affirmative defense in that the defendant admits he failed to appear but asserts he has good cause which excuses his failure to do so. *Id.*

Here, the trial court signed a Judgment Nisi forfeiting the bail bond, as the State contends, after Albelo failed to appear, on October 6, 2022, for the jury's verdict and sentencing. Day did not dispute that Albelo failed to appear or show good cause why he failed to do so. *See id.* Instead, Day disputes the validity of Judgment Nisi based on his contention that his liability under the bond was discharged when the trial court sentenced Albelo before signing the Judgment Nisi. That said, the record does not support Day's contention.

When Albelo failed to appear for the duration of his felony jury trial, the trial court found that he had voluntarily absented himself and concluded the trial. *See* Tex. Code Crim. Proc. Ann. art. 33.03. During the hearing on scire facias, the trial court explained that a formal judgment was suspended until it could formally sentence Albelo and assess judgment when he is brought before the court. Because sentencing is a subsequent proceeding relative to the criminal proceeding, and because the record shows the criminal proceeding has not ended, the bond is still binding on Day and his liability as surety will not be discharged until Albelo's sentence is imposed. *See McConathy*, 545 SW.2d at 782-83; *McCluskey*, 2002 WL 221599, at **2-3.

8

Based on this record, we conclude the trial court did not err by finding that Day failed to show good cause why Albelo failed to appear and that the Judgment Nisi forfeiting the bond should be made final. Accordingly, the trial court did not err by granting the State's bond forfeiture request and ordering Day to pay the $50,000 bond. We overrule both of Day's issues and affirm the trial court's judgment.

AFFIRMED.

JAY WRIGHT
Justice

Submitted on July 18, 2025
Opinion Delivered August 28, 2025

Before Johnson, Wright and Chambers, JJ.