Charles Douglas McDONALD, Appellant,

v.

The STATE of Texas, Appellee.

No. 47206.

Court of Criminal Appeals of Texas.

Oct. 17, 1973.

Jack R. King, Beaumont (on appeal only), for appellant.

Tom Hanna, Dist. Atty., John R. DeWitt, Asst. Dist. Atty., Beaumont, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

On original submission, this appeal was dismissed. In light of a request from the trial court that appeal be reinstated,[1] the following is substituted therefor.

The conviction is for felony theft; the punishment, four (4) years.

At the outset we are confronted with a jurisdictional problem. The sentence was pronounced on January 17, 1972. According to the trial court's docket entries, the appellant gave notice of appeal on April 24, 1972. This was in excess of three months after the appellant was sentenced.

Article 44.08, Vernon's Ann.C.C.P., provides that notice of appeal shall be given or filed within ten days after sentence is pronounced. There is nothing in the record to indicate that the trial court, for good cause shown, permitted the appellant to give notice of appeal after the expiration of such ten days. See Article 44.08(e), Vernon's Ann.C.C.P. Thus, this appeal must be dismissed. See Miller v. State, Tex.Cr.App. 479 S.W.2d 285.

Upon a showing of good cause as provided in Article 44.08(e), V.A.C.C.P., the trial court, in the instant case, may still permit the notice of appeal, and, in such

---

1. The trial court advises us that he has letters in his file (not placed in the record of this case) which reflect good cause for allowing the giving of late notice of appeal under Article 44.08(e), V.A.C.C.P.

event, proceedings may be had in the trial court pursuant to Article 40.09, V.A.C.C.P.

■ It should be noted that the phrase " 'good cause,' as used in Article 44.-08(e), V.A.C.C.P., authorizing the trial court to permit the giving of late notice of appeal, necessarily implies that such a finding will be based upon sufficient evidence. When the trial court does permit the giving of a late notice of appeal it is subject to the review of this court to determine whether 'good cause' has been shown. Evidence in the record must support the trial court's order. The supportive evidence should be by affidavit or sworn testimony." Menasco and Hill v. State, 503 S.W.2d 273 (Tex.Cr.App., 1973) (On motion to reinstate appeal).

The appeal is dismissed.

Opinion approved by the Court.