Stanley Joe **GARRISON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 49766.

Court of Criminal Appeals of Texas.

Jan. 15, 1975.

Rehearing Denied Jan. 29, 1975.

Leonard C. Kahn, Houston, for appellant.

Robert O. Smith, Dist. Atty., and David Sheppard, Asst. Dist. Atty., Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

■  This is an appeal from a conviction for murder; the punishment assessed by the jury is imprisonment for life. Notice of appeal was not timely; however, the trial court has entered an order permitting the giving of a delayed notice of appeal. See Article 44.08(e), Vernon's Ann.C.C.P. Although the order entered by the trial court makes certain findings of fact that the appellant is entitled to an out-of-time appeal and the District Attorney has joined in the appellant's request that he be granted an out-of-time appeal there is no evidence in the record to support the court's order. An order granting delayed notice of appeal must be supported by the record so that this Court can determine whether there was good cause to permit the giving of late notice of appeal. See Menasco v. State, 503 S.W.2d 273 (Tex.Cr.App.1973). See also Farris v. State, 514 S.W.2d 946 (Tex.Cr.App.1974); Morrow v. State, 481 S.W.2d 144 (Tex.Cr.App.1972); Reed v. State, 481 S.W.2d 814 (Tex.Cr.App.1972); McDonald v. State, 501 S.W.2d 111 (Tex. Cr.App.1973); McCuin v. State, 504 S.W. 2d 512 (Tex.Cr.App.1974).

■  Since the record does not contain a timely notice of appeal and does not contain evidence to support the court's order permitting the giving of late notice of appeal this appeal must be dismissed. If there is an attempt to perfect the record to show that the appellant was deprived of his right of appeal and that there is good cause for granting a delayed notice of appeal it may be expedient for the trial court to consider at the same time the appellant's other allegations in the application for writ of habeas corpus and to forward to this Court the trial court's findings and recommendations on the writ of habeas corpus. This Court may then consider the record

and determine whether the appellant is entitled to a direct appeal or to only a collateral attack upon the judgment by way of habeas corpus.

This appeal is dismissed.

Opinion approved by the Court.