George HURD, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 53869.

Court of Criminal Appeals of Texas.

Feb. 9, 1977.

J. R. Musslewhite, Houston, for appellant.

Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This appeal arises out of a conviction for burglary of a habitation. See V.T.C.A., Penal Code, § 30.02. The punishment assessed by the court was five (5) years' confinement in the Department of Corrections.

Appellant's court-appointed counsel on appeal has filed a brief in which he concludes that the appeal is frivolous and wholly without merit. Aware of his duties under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *Gainous v. State*, 436 S.W.2d 137 (Tex.Cr.App. 1969), counsel has served a copy of his brief upon the appellant and advised him of his right to examine the appellate record and to file a pro se brief. No pro se brief has been filed, and the State has filed no brief.

While counsel's brief does not advance any arguable grounds of error, it does contain a professional evaluation of the record demonstrating just why it is not feasible to advance such contentions. In *Currie v. State*, 516 S.W.2d 684 (Tex.Cr.App.1974), we held that such a professional evaluation was sufficient to meet the requirements of *Anders v. California*, supra.

An examination of the record discloses that the appeal is wholly frivolous and without merit. The record discloses that the second count and an enhancement paragraph were dismissed prior to appellant's guilty plea before the court. The appellant was then properly admonished in accordance with Article 26.13, Vernon's Ann.C.C.P. Appellant made a judicial confession as to the offense charged in the first count of the indictment and stipulated other evidence, all sufficient to support the judgment.

The judgment should be affirmed.

The State has filed no brief and does not challenge the right of the appellant to pursue this appeal. Except for the dissent's insistence that the appeal be dismissed rather than affirmed, there exists no necessity for further discussion. The dissent would urge that the appellant had waived his right of appeal and that he should not now be accorded an appeal.

The record reflects that March 30, 1976 the appellant was sentenced and he waived notice of appeal orally and in writing. On April 9, 1976 he filed a pro se written notice of appeal. On the same date the court added an addendum to the sentence as follows:

"On this the 9th day of April, A.D. 1976, the Defendant by and through a letter to the Court excepted to the ruling and judgment of the Court herein and gives notice of appeal to the Court of Criminal Appeals of the State of Texas, Austin, Texas. And inasmuch as notice of appeal is given herein, execution of the sentence is deferred to await the judgment and order of our Court of Criminal [Appeals] in this behalf."

A docket sheet entry on the same date is of similar import. Subsequently the appellant filed a pauper's oath, and counsel other than trial counsel was appointed by the trial court for the purpose of appeal. The appellate record was then prepared and approved by the trial court. It was then forwarded to this court.

It is clear that the trial judge permitted the withdrawal of the waiver of

notice of appeal and consented to this appeal. See and cf. *Reed v. State*, 516 S.W.2d 680 (Tex.Cr.App.1974); *Abron v. State*, 531 S.W.2d 643, 645 (Tex.Cr.App.1976); *Ex parte Dickey*, 543 S.W.2d 99 (Tex.Cr.App. 1976). The trial court here did exactly what most fair-minded trial courts would do under the same circumstances.

For the reasons stated, the judgment is affirmed.

ODOM, Judge, dissenting.

I dissent to the refusal of the Court to dismiss this appeal. With the crowded docket that this Court labors under, I am surprised at the lengths this Court is willing to reach in considering an appeal of a case in which the convicted defendant made a complete, absolute, unequivocal, voluntary, knowing and intelligent waiver of his right to appeal. Furthermore, his decision to waive his right to appeal this case was clearly well-founded, as the majority have demonstrated in holding that the appeal is wholly frivolous and without merit.

The majority, in order to conclude that dismissal is not proper, rely on "an addendum to the sentence", which is not part of the sentence since it does not appear to have been pronounced as part thereof in the presence of the defendant (*Casias v. State*, Tex.Cr.App., 503 S.W.2d 262), and on a docket entry, neither of which reflects that the trial court was aware of the fact that the right to appeal *and ten days time for filing such notice* had been waived. Certainly the ministerial act of the trial court upon receipt of a facially timely notice of appeal cannot constitute an affirmative granting of permission to withdraw such waivers when there never was, from what appears in this record, even a request to make such withdrawal. The effect of the majority's holding is particularly burdensome on the court's staff in districts with a heavy caseload, such as Harris County, where the waiver may be easily overlooked when the ministerial acts, here held to void the waiver, are executed.

On March 30, 1976, appellant waived trial by jury and entered a plea of guilty before the court to the offense of burglary of a habitation. The court accepted appellant's plea, found him guilty, and assessed his punishment at imprisonment for five (5) years. Appellant waived the time in which to file a motion for new trial and a motion in arrest of judgment and was sentenced the same date. After sentencing appellant executed a written waiver of his right to appeal. The waiver stated that appellant understood that he had a right to appeal his conviction to the Court of Criminal Appeals, the right to be represented on appeal by an attorney of his own choice or, if he was too poor to pay for such an attorney or the record on appeal, the court would, without expense to him, provide him with an attorney and a proper record for such an appeal. The waiver also stated that appellant understood that he had ten days after sentencing to give notice of appeal to this Court. In the waiver appellant further stated:

"With full understanding of the above (the rights which appellant said he understood), I hereby, in open court, after sentence has been imposed, voluntarily state that I do not desire to appeal in this cause and expressly waive any appeal in this case and waive my ten days in which to give notice of appeal, and I hereby accept as final the judgment of conviction and the sentence herein and request that I be allowed to commence serving the same without further delay."

The written waiver was signed by appellant in open court in the presence of the Clerk of the trial court. The waiver also contained a certificate of appellant's attorney who certified by his signature:

"Approved by me as the attorney representing the defendant. I was present at the time of sentencing and am present in court at the time of execution of this waiver, and I have fully explained same to the defendant who has, in my presence, signed same knowingly, intelligently and voluntarily."

Subsequently, the Clerk of the trial court received a handwritten pro se notice of appeal from appellant which was dated

April 1, 1976. The Clerk filed it on April 9, 1976.

Article 44.08(c), Vernon's Ann.C.C.P., which is applicable to the case at bar, provides that notice of appeal shall be given or filed within ten days after sentence is pronounced. In the instant case the notice of appeal was filed within the time provided by that statute. However, Article 1.14, Vernon's Ann.C.C.P., provides that a defendant in a criminal prosecution for any offense may waive any rights secured him by law except the right of trial by jury in a capital felony case. The issue, therefore, is whether appellant has properly perfected an appeal under Article 44.08(c), supra, or whether appellant waived his right to appeal.

Criminal procedure in Texas provides several means by which appellate review may be secured. First, appellate review may be secured by giving timely notice of appeal. Article 44.08, Vernon's Ann.C.C.P. Second, for good cause shown the trial court may permit a late notice of appeal. Article 44.-08(e), supra. In that event, however, the finding of good cause must be supported by evidence in the record and is subject to review by this Court. *Reed v. State*, 481 S.W.2d 814 (Tex.Cr.App.1972); *Perez v. State*, 496 S.W.2d 627 (Tex.Cr.App.1973); *McDonald v. State*, 501 S.W.2d 111 (Tex.Cr.App.1973); *Morton v. State*, 502 S.W.2d 121 (Tex.Cr.App.1973); *Menasco v. State*, 503 S.W.2d 273 (Tex.Cr.App.1973); *Robinson v. State*, 505 S.W.2d 298 (Tex.Cr.App.1974); *Martinez v. State*, 511 S.W.2d 934 (Tex.Cr.App.1974); *Garrison v. State*, 517 S.W.2d 553 (Tex.Cr.App.1975). Third, by post conviction habeas corpus action, upon a showing that one has been deprived of his right to appeal, relief in the form of an out of time appeal may be secured.

In the instant case, petitioner waived his right to appeal, but subsequently, and within the statutory period, filed a notice of appeal. Because appellant did not secure the consent of the trial court to withdraw his waiver of the right to appeal, this Court is without jurisdiction.[1]

Permission to withdraw a waiver of the right to appeal is a matter of grace and no grounds therefor need be alleged or shown, as distinguished from permission to file a late notice of appeal, which must be supported by a showing of good cause. Furthermore, withdrawal of the waiver, without more, would only permit perfection of the right to appeal if notice of appeal is then given within the statutory time, unless, in addition, a showing is made that would authorize a late notice of appeal or an out of time appeal. Withdrawal of the waiver alone will permit an appeal, then, only if secured within ten days of the event (see Article 44.08, supra) from which the ten-day period is measured.

This Court has previously rejected the proposition that the filing of notice of appeal within the ten-day period automatically withdraws the waiver. The waiver may be withdrawn only with permission of the court. In contrast to withdrawal of the waiver is action seeking to set aside the waiver for cause. The setting aside of such a waiver is relief that may be sought upon allegation of sufficient cause, such as involuntariness of the waiver, and that may be pursued by motion in the trial court filed in the original cause, either before or after expiration of the ten-day period, or by an original cause, such as an application for habeas corpus seeking an out of time appeal. Unlike action denying a request to withdraw the waiver, action refusing to set aside the waiver may be presented to this Court for examination, either by application

1. In *Reed v. State*, 516 S.W.2d 680 (Tex.Cr.App.1974), we stated that "a knowing and intelligent waiver of the right to appeal would only prevent him (a defendant in a criminal case) from appealing without consent of the trial court." Later, in *Abron v. State*, 531 S.W.2d 643 (Tex.Cr.App.1976), this Court wrote that the waiver of the right to appeal at the time of sentencing "is effective unless and until a timely notice of appeal is filed." In *Ex parte Dickey*, 543 S.W.2d 99 (Tex.Cr.App.1976, opinion following remanded, November 10, 1976), we adopted the statement in *Reed* to the effect that a knowing and intelligent waiver of the right to appeal will prevent a defendant from appealing without consent of the trial court. By adopting the *Reed* statement we rejected the statement in *Abron*.

for writ of habeas corpus under Article 11.07, Vernon's Ann.C.C.P., or, in an appropriate case, by an original mandamus action.

In the instant case, the record reflects that appellant understood his right to appeal to this Court. He understood that he had ten days from the date of sentencing in which to give notice of appeal. He understood that, if he could not afford an attorney, the court would provide him with an attorney and a proper record on appeal. The record reflects that appellant, after conferring with his attorney, knowingly, intelligently and voluntarily not only waived his right to appeal, but also waived the ten days in which to give notice of appeal. See Article 44.08(c), Vernon's Ann.C.C.P. Having waived such time, appellant's giving notice of appeal within ten days after the time that sentence was pronounced was not effective to confer jurisdiction on this Court without the record specifically reflecting that the trial court allowed appellant to withdraw his previous waiver. Nothing in the record indicates that appellant ever requested the trial court to allow him to withdraw his waiver nor does it appear that the court ever granted permission for such a withdrawal.

I would hold that where a defendant has knowingly, intelligently and voluntarily waived the time in which to give notice of appeal under Article 44.08, supra, notice of appeal given within ten days of the event from which the ten-day period under Article 44.08, supra, is measured, is ineffective unless the defendant requests and the court affirmatively grants permission to withdraw his earlier waiver of such ten-day period.

The appeal should be dismissed.

DOUGLAS, J., joins in this dissent.