**Lawrence Edward JOHNSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 55283.**

Court of Criminal Appeals of Texas.

Oct. 19, 1977.

James H. Shoemake, Houston, for appellant.

Carol S. Vance, Dist. Atty. and William W. Burge, Asst. Dist. Atty., Houston, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction in a bench trial for aggravated robbery where the punishment was assessed at five (5) years.

We are met at the outset with the question of whether there was a proper notice of appeal.

On February 28, 1975, which was two days after appellant was sentenced, he filed a pro se notice of appeal. On March 4, 1975, appellant executed a sworn written instrument before the clerk of the trial court. That instrument states, inter alia, as follows:

"That he was on the 26th day of February 1975, convicted in said court of the offense of Aggravated Robbery and thereafter on the 28th day of February 1975, gave notice of appeal from such conviction to the Court of Criminal Appeals of Texas.

"That the transcript in said cause has not yet been forwarded to the clerk of the Court of Criminal Appeals of Texas.

"That I do not wish to further prosecute such appeal.

"I therefore request that the notice of appeal heretofore given be withdrawn."

In response to appellant's request, the sentence contains the following notation:

"On this the 4th day of March A.D. 1975 the Defendant again appeared in open Court, in person and by counsel, and withdrew his notice of appeal. It is therefore the order of the Court that this sentence begin as of the 18th day of January A.D. 1975."

Also on March 4, 1975, appellant executed another written instrument which was sworn to before the clerk of the trial court. That instrument, in pertinent part, states as follows:

"I, Lawrence Edward Johnson, defendant in the above entitled and numbered cause, having been convicted of the offense of Aggravated Robbery and sentenced therein, hereby expressly state as a fact that I have been fully informed by the Judge of this Court and by my attorney, and I know, that I have the legal right of appeal from this conviction to the Court of Criminal Appeals of Texas, and also the right to be represented on appeal by an attorney of my own choice or if I am too poor to pay for such an attorney or the record on appeal, the Court will, without expense to me, provide me with an attorney and a proper record for such an appeal.

"With full understanding of the above, I hereby, in open Court, state that I do not desire to appeal and expressly waive any appeal in this case, and I hereby accept as final the judgment of conviction and the sentence herein and I request that I be allowed to commence serving the same without further delay."

This instrument also contains the certificate of appellant's attorney who certified by his signature:

"Approved by me as the attorney representing the defendant and I am present at the time of sentencing and of this waiver."

On March 6, 1975 the clerk of the trial court received from appellant another pro se notice of appeal. Although this second notice of appeal was postmarked March 4, 1975,[1] the clerk of the trial court did not receive or file it until March 6, 1975.

On March 11, 1975, and in response to appellant's second notice of appeal, the trial court made findings of fact and conclusions of law. The findings and conclusions read in part:

"The Court further finds that on March 4, 1975, the Defendant, Lawrence Edward Johnson, appeared in open Court, in person and by counsel, Ralph Behrens, withdrew his notice of appeal, and in open Court, orally and in writing, waived his right of appeal in this cause. Subsequent to these transactions, the Defendant, Lawrence Edward Johnson, again forwarded a letter to this Court giving notice of appeal, said letter being filed on March 6, 1975. No good cause for out of time appeal has been shown.

"It is the conclusion of this Court from the facts recited heretofore, that neither this Court nor the Court of Criminal Appeals has jurisdiction as to an appeal in this cause.

"Therefore, it is the order of the Court that the Clerk of this Court prepare a transcript in this cause without a statement of facts and process said transcript within the usual appellate procedures so that a determination of jurisdiction may be made by the Court of Criminal Appeals."

The clerk did not follow the court's instruction. Appellant was released on parole on September 8, 1976, and on January 11, 1977, a visiting judge appointed an attorney to represent the appellant on appeal.

In *Reed v. State*, 516 S.W.2d 680 (Tex.Cr. App. 1974), we stated that "a knowing and intelligent waiver of the right to appeal would only prevent him (a defendant in a criminal case) from appealing without consent of the trial court." Later, in *Abron v. State*, 531 S.W.2d 643 (Tex.Cr.App. 1976), this court wrote that the waiver of the right to appeal at the time of sentencing "is

---

1. This was the same date appellant had withdrawn his first notice of appeal and filed the written waiver of the right of appeal.

effective unless and until a timely notice of appeal is filed." In *Ex parte Dickey*, 543 S.W.2d 99 (Tex.Cr.App. 1976), we adopted the statement in *Reed* to the effect that a knowing and intelligent waiver of the right to appeal will prevent a defendant from appealing without consent of the trial court. By adopting the *Reed* statement, we rejected the statement in *Abron*. In *Hurd v. State*, 548 S.W.2d 388 (Tex.Cr.App. 1977), the defendant was sentenced and waived his right to give notice of appeal, orally and in writing. Subsequently, but within ten days following the pronouncement of sentence, he filed a pro se written notice of appeal. In that case the trial court added an addendum to the sentence noting that inasmuch as notice of appeal had been given, "execution of the sentence is deferred to await the judgment and order of our Court of Criminal [Appeals] in this behalf." Subsequently, the defendant filed a pauper's oath, and counsel other than trial counsel was appointed by the trial court for the purposes of appeal. The appellate record was then prepared and approved by the trial court. It was then forwarded to this court. We concluded that "[i]t is clear that the trial judge permitted the withdrawal of the waiver of notice of appeal and consented to this appeal."

The instant case has some similarities to *Hurd*. For instance, in the instant case, as in *Hurd*, we find the following addendum to the sentence after appellant's second notice of appeal:

"And inasmuch as notice of appeal is given herein, execution of the sentence is deferred to await the judgment and order of our Court of Criminal [Appeals] in this behalf."

However, we also have dissimilarities. The trial court specifically found that appellant had withdrawn his first notice of appeal and had waived the right to appeal the instant conviction. The court further found that no good cause for an out-of-time appeal had been shown. It is apparent from the findings of facts and conclusions of law of the trial judge that he had no intention of allowing appellant to withdraw his earlier waiver of the right to appeal. We there-

fore hold that *Hurd* is distinguishable upon its facts.

The second notice of appeal was given after appellant had waived his right to appeal. Since it was given without consent of the trial court, it was ineffective to confer jurisdiction on this court. Consequently, we conclude that the appeal must be dismissed.

Appellant's brief sets forth other grounds of error. Each of these grounds relates to the procedure which was followed in this case subsequent to the giving of the second pro se notice of appeal. In fact, counsel for appellant in his brief candidly admits that appellant has "no current meritorious grounds for appeal with regard to the trial on the merits. . . ."

The appeal is dismissed.