IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-91-076-CR





KEVIN BELL WASHINGTON,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 




FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT



NO. 38,353, HONORABLE RICK MORRIS, JUDGE



 





PER CURIAM



 Pursuant to a plea bargain agreement, appellant pleaded
guilty and judicially confessed to the offense of burglary of a
habitation. Tex. Pen. Code Ann. § 30.02 (1989). Appellant also
confessed to a prior felony conviction alleged for enhancement and
to using a deadly weapon during the commission of the offense. The
district court found appellant guilty and, in conformity to the
agreement, assessed punishment at imprisonment for eighteen years.

 The transcript contains a written waiver of appeal signed
by appellant, his attorney, and the trial judge. This document,
which reflects a knowing and voluntary waiver of the right to
appeal, was signed on the day judgment was entered.

 A defendant who knowingly and intelligently waives his
right to appeal may not thereafter appeal without the consent of
the trial court. Ex parte Dickey, 543 S.W.2d 99 (Tex. Cr. App.
1976). See also Hurd v. State, 548 S.W.2d 388 (Tex. Cr. App.
1977); Reed v. State, 516 S.W.2d 680 (Tex. Cr. App. 1974). There
is nothing in the record to indicate that appellant sought or
obtained the permission of the trial court to pursue this appeal.

 The appeal is dismissed.



[Before Chief Justice Carroll, Justices Aboussie and Jones]

Dismissed

Filed:  March 6, 1991

[Do Not Publish]