IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-92-262-CR




WILLIE ALLEN WHITTENBURG, JR.,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT


NO. 40,324, HONORABLE JACK W. PRESCOTT, JUDGE


 





PER CURIAM

 Appellant pleaded guilty and judicially confessed to the offense of aggravated
robbery. Tex. Penal Code Ann. § 29.03 (Supp. 1992). Pursuant to a plea bargain agreement,
the district court assessed punishment at imprisonment for forty years.

 The transcript contains a written waiver of appeal signed by appellant, his attorney,
and the trial judge. This document, which reflects a knowing and voluntary waiver of the right
to appeal, was signed on the day judgment and sentence were imposed in open court.

 A defendant who knowingly and intelligently waives his right to appeal may not
thereafter appeal without the consent of the trial court. Ex parte Dickey, 543 S.W.2d 99 (Tex.
Crim. App. 1976). See also Hurd v. State, 548 S.W.2d 388 (Tex. Crim. App. 1977); Reed v.
State, 516 S.W.2d 680 (Tex. Crim. App. 1974). There is nothing in the record to indicate that
appellant sought or obtained the permission of the trial court to pursue this appeal.


 The appeal is dismissed.


[Before Justices Powers, Jones and Kidd]

Dismissed

Filed: June 24, 1992

[Do Not Publish]