IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-94-505-CR





DAVID LEE RUSHING,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 




FROM THE COUNTY COURT AT LAW OF TOM GREEN COUNTY



NO. 94-00548, HONORABLE R. L. BLANN, JUDGE PRESIDING



 





PER CURIAM

 David Lee Rushing seeks to appeal from a judgment of conviction for possession
of marihuana. The punishment is a $200 fine.

 The transcript contains a written waiver of appeal signed by appellant and the trial
judge. This document, which reflects a knowing and voluntary waiver of the right to appeal, was
signed on the day judgment and sentence were imposed in open court. A defendant who
knowingly and intelligently waives his right to appeal may not thereafter appeal without the
consent of the trial court. Ex parte Dickey, 543 S.W.2d 99 (Tex. Crim. App. 1976). See also
Hurd v. State, 548 S.W.2d 388 (Tex. Crim. App. 1977); Reed v. State, 516 S.W.2d 680 (Tex.
Crim. App. 1974). There is nothing in the record to indicate that appellant sought or obtained
the permission of the trial court to pursue this appeal.

 Sentence was imposed in this cause on August 9, 1994. No motion for new trial
was filed. Notice of appeal was filed on September 9, one day after it was due. Tex. R. App.
P. 41(b)(1). No extension of time for filing notice of appeal was requested. Tex. R. App. P.
41(b)(2). There is nothing in the record to indicate that notice of appeal was properly mailed to
the district clerk within the time prescribed by rule 41(b)(1). Tex. R. App. P. 4(b). Without a
timely filed notice of appeal, this Court is without jurisdiction. Rodarte v. State, 860 S.W.2d 108
(Tex. Crim. App. 1993); Shute v. State, 744 S.W.2d 96 (Tex. Crim. App. 1988).

 The appeal is dismissed.


Before Justices Powers, Aboussie and B. A. Smith

Appeal Dismissed

Filed: October 26, 1994

Do Not Publish