TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00130-CR


NO. 03-95-00131-CR


NO. 03-95-00132-CR


AND


NO. 03-95-00133-CR







Tonieka James, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT


NOS. 43,817, 44,436, 44,437 & 44,457


 HONORABLE WILLIAM C. BLACK, JUDGE PRESIDING







PER CURIAM


 In each cause, appellant pleaded guilty and judicially confessed to felony theft. The
district court adjudged appellant guilty and, pursuant to a plea bargain agreement, assessed
punishment in each cause at imprisonment for nine years.

 Each transcript contains a written waiver of appeal signed by appellant, her
attorney, and the trial judge. These documents, which reflect a knowing and voluntary waiver
of the right to appeal, were signed after judgment and sentence were imposed in open court.

 A defendant who knowingly and intelligently waives her right to appeal may not
thereafter appeal without the consent of the trial court. Ex parte Dickey, 543 S.W.2d 99 (Tex.
Crim. App. 1976). See also Hurd v. State, 548 S.W.2d 388 (Tex. Crim. App. 1977); Reed v.
State, 516 S.W.2d 680 (Tex. Crim. App. 1974). There is nothing in the records to indicate that
appellant sought or obtained the permission of the trial court to pursue these appeals. We also
note that the notices of appeal were not timely filed. See Rodarte v. State, 860 S.W.2d 108 (Tex.
Crim. App. 1993); Shute v. State, 744 S.W.2d 96 (Tex. Crim. App. 1988).

 The appeals are dismissed.


Before Chief Justice Carroll, Justices Aboussie and Jones

Appeals Dismissed

Filed: March 29, 1995

Do Not Publish