TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-95-00653-CR

J. L. Cox,

a/k/a J. L. Stoney Cox, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT

NO. CR-95-78, HONORABLE WILLIAM E. BENDER, JUDGE PRESIDING

PER CURIAM

 Appellant pleaded no contest to an indictment accusing him of aggravated sexual
assault. Appellant also pleaded true to enhancement allegations. The district court found him
guilty and, pursuant to a plea bargain agreement, assessed punishment at imprisonment for forty
years.

 The transcript contains a written waiver of appeal signed by appellant, his attorney,
and the trial judge. This document, which reflects a knowing and voluntary waiver of the right
to appeal, was signed on the day judgment and sentence were imposed in open court.

 A defendant who knowingly and intelligently waives his right to appeal may not
thereafter appeal without the consent of the trial court. Ex parte Dickey, 543 S.W.2d 99 (Tex.
Crim. App. 1976). See also Hurd v. State, 548 S.W.2d 388 (Tex. Crim. App. 1977); Reed v.
State, 516 S.W.2d 680 (Tex. Crim. App. 1974). There is nothing in the record to indicate that
appellant sought or obtained the permission of the trial court to pursue this appeal.

 The appeal is dismissed.

Before Justices Powers, Aboussie and Kidd

Dismissed

Filed: November 22, 1995

Do Not Publish