TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-97-00368-CR

NO. 03-97-00369-CR

Faron Ray Truelove, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT

NOS. 47,213 & 47,215, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

PER CURIAM

Appellant pleaded guilty to indictments accusing him of forgery and burglary of a habitation. 
Tex. Penal Code Ann. §§ 30.02, 32.21 (West 1994 & Supp. 1997). The district court found appellant
guilty and assessed punishment, enhanced by previous felony convictions, at imprisonment for twenty years
for the forgery and imprisonment for forty years for the burglary.

Appellant's court-appointed attorney filed briefs concluding that the appeals are frivolous
and without merit. The briefs meet the requirements of Anders v. California, 386 U.S. 738 (1967), by
presenting a professional evaluation of the records demonstrating why there are no arguable grounds to be
advanced. See also Penson v. Ohio, 488 U.S. 75 (1988); High v. State, 573 S.W.2d 807 (Tex. Crim.
App. 1978); Currie v. State, 516 S.W.2d 684 (Tex. Crim. App. 1974); Jackson v. State, 485 S.W.2d
553 (Tex. Crim. App. 1972); Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969). Copies of
counsel's briefs were delivered to appellant, and appellant was advised of his right to examine the appellate
records and to file a pro se brief. No pro se brief has been filed. 

The State has filed motions to dismiss these appeals. The clerk's records contain a written
waiver of appeal signed by appellant, his attorney, and the trial judge. Although this document bears a file
mark preceding appellant's trial, the order accepting the waiver was signed by the court on May 16, 1997,
the date of trial. In addition, the reporter's record reflects that appellant waived his right to appeal in open
court after sentences were imposed. A defendant who knowingly and intelligently waives his right to appeal
after sentencing may not thereafter appeal without the consent of the trial court. Ex parte Dickey, 543 
S.W.2d 99 (Tex. Crim. App. 1976); see also Hurd v. State, 548 S.W.2d 388 (Tex. Crim. App. 1977);
Reed v. State, 516 S.W.2d 680 (Tex. Crim. App. 1974). There is nothing in the record to indicate that
appellant sought or obtained the permission of the trial court to pursue this appeal.

The State's motions to dismiss are granted and the appeals are dismissed.

Before Justices Powers, Aboussie and B. A. Smith

Appeals Dismissed on State's Motion

Filed: September 25, 1997

Do Not Publish