TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-98-00640-CR

Magin Aguirre Vergara, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT

NO. 93-741-K368, HONORABLE BURT CARNES, JUDGE PRESIDING

PER CURIAM

Appellant pleaded guilty to possessing more than five pounds of marihuana. The
district court found that the evidence substantiated appellant's guilt, deferred further proceedings,
and placed appellant on community supervision for five years. Controlled Substances Act, 71st
Leg., R.S., ch. 678, sec. 1, § 481.121, 1989 Tex. Gen. Laws 2230, 2939 (Tex. Health & Safety
Code Ann. § 481.121(a), (b)(4), since amended). At a subsequent hearing on the State's motion
to revoke and adjudicate, appellant pleaded true to the alleged violation of his supervisory
conditions. The court revoked supervision, adjudicated appellant guilty, and imposed sentence
of imprisonment for seven years.

The clerk's record contains a written waiver of appeal signed by appellant, his
attorney, and the trial judge. This document, which reflects a knowing and voluntary waiver of
the right to appeal, was signed on the day sentence was imposed in open court. A defendant who
knowingly and intelligently waives his right to appeal may not thereafter appeal without the
consent of the trial court. Ex parte Dickey, 543 S.W.2d 99 (Tex. Crim. App. 1976); see also
Hurd v. State, 548 S.W.2d 388 (Tex. Crim. App. 1977); Reed v. State, 516 S.W.2d 680 (Tex.
Crim. App. 1974). There is nothing in the record to indicate that appellant obtained the trial
court's permission to pursue this appeal.

The appeal is dismissed.

Before Justices Jones, B. A. Smith and Yeakel

Dismissed

Filed: December 17, 1998

Do Not Publish