TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-99-00722-CR

Christopher Lee Mojica, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT

NO. 49,852, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

PER CURIAM

Appellant Christopher Lee Mojica pleaded guilty and judicially confessed to the
unauthorized use of a vehicle. See Tex. Penal Code Ann. § 31.07 (West 1994). The district court
adjudged him guilty and sentenced him to incarceration in a state jail for two years.

Appellant's court-appointed attorney filed a brief concluding that the appeal is
frivolous and without merit. See Anders v. California, 386 U.S. 738 (1967); also see Penson v.
Ohio, 488 U.S. 75 (1988); High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978); Currie v.
State, 516 S.W.2d 684 (Tex. Crim. App. 1974); Jackson v. State, 485 S.W.2d 553 (Tex. Crim.
App. 1972); Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969). There is a more
fundamental problem with this appeal, however. The clerk's record contains a written waiver of
appeal signed by appellant and his attorney. This document, which reflects a knowing and
voluntary waiver of the right to appeal, was signed after sentence was imposed in open court. 

A defendant who knowingly and intelligently waives his right to appeal may not
thereafter appeal without the consent of the trial court. Ex parte Dickey, 543 S.W.2d 99 (Tex.
Crim. App. 1976); also see Hurd v. State, 548 S.W.2d 388 (Tex. Crim. App. 1977); Reed v.
State, 516 S.W.2d 680 (Tex. Crim. App. 1974). There is nothing in the record to indicate that
appellant sought or obtained the permission of the trial court to pursue this appeal.

The appeal is dismissed.

Before Justices Jones, Kidd and Patterson

Filed: November 4, 1999

Dismissed for Want of Jurisdiction

Do Not Publish