TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-00-00330-CR

Jose Olalde, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT

NO. 0984574, HONORABLE JON N. WISSER, JUDGE PRESIDING

PER CURIAM

Jose Olalde seeks to appeal from a judgment of conviction for murder. Sentence
was imposed on June 15, 1999. There was no motion for new trial. The deadline for perfecting
appeal was therefore July 15, 1999. See Tex. R. App. P. 26.2(a)(1). Notice of appeal was filed
on May 4, 2000, long after the deadline. Further, the clerk's record contains a written waiver
of appeal signed by appellant, his attorney, and the trial judge. This document, which reflects a
knowing and voluntary waiver of the right to appeal, was signed on the day sentence was imposed
in open court. A defendant who knowingly and intelligently waives his right to appeal may not
thereafter appeal without the consent of the trial court. Ex parte Dickey, 543 S.W.2d 99 (Tex.
Crim. App. 1976); see also Hurd v. State, 548 S.W.2d 388 (Tex. Crim. App. 1977); Reed v.
State, 516 S.W.2d 680 (Tex. Crim. App. 1974). There is nothing in the record to indicate that
appellant sought or obtained the permission of the trial court to pursue this appeal. 

Under the circumstances, we lack jurisdiction to dispose of the purported appeal
in any manner other than by dismissing it for want of jurisdiction. See Slaton v. State, 981
S.W.2d 208 (Tex. Crim. App.1998); Olivo v. State, 918 S.W.2d 519, 522-23 (Tex. Crim. App.
1996). The appeal is dismissed.

Before Justices Jones, Yeakel and Patterson

Dismissed for Want of Jurisdiction

Filed: June 15, 2000

Do Not Publish