TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-01-00251-CR

Willie James Pope, III, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT

NO. 51,599, HONORABLE RICK MORRIS, JUDGE PRESIDING

PER CURIAM

Appellant pleaded guilty to murder. See Tex. Penal Code Ann. § 19.02(b)(2) (West
1994). The district court adjudged him guilty and assessed punishment at imprisonment for life, as
called for in a plea bargain agreement. (1)

The clerk's record contains a written waiver of appeal signed by appellant, his
attorneys, and the trial judge. This document, which reflects a knowing and voluntary waiver of the
right to appeal, was signed on the day sentence was imposed in open court. A defendant who
knowingly and intelligently waives his right to appeal may not thereafter appeal without the consent
of the trial court. Ex parte Dickey, 543 S.W.2d 99 (Tex. Crim. App. 1976); see also Hurd v. State,
548 S.W.2d 388 (Tex. Crim. App. 1977); Reed v. State, 516 S.W.2d 680 (Tex. Crim. App. 1974). 
The record reflects that appellant sought and was denied permission to appeal. Appellant's general
notice of appeal also fails to confer jurisdiction on this Court. See Cooper v. State, No. 1100-99, slip
op. at 6-8 (Tex. Crim. App. April 4, 2001); Whitt v. State, No. 03-00-00194-CR (Tex. App.--Austin
April 19, 2001, no pet. h.); Tex. R. App. P. 25.2(b)(3).

The appeal is dismissed for want of jurisdiction.

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Dismissed for Want of Jurisdiction

Filed: May 31, 2001

Do Not Publish

1. As its part of the bargain, the State abandoned a capital murder count.