# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00251-CR

**Willie James Pope, III, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
### NO. 51,599, HONORABLE RICK MORRIS, JUDGE PRESIDING

**PER CURIAM**

Appellant pleaded guilty to murder. *See* Tex. Penal Code Ann. § 19.02(b)(2) (West 1994). The district court adjudged him guilty and assessed punishment at imprisonment for life, as called for in a plea bargain agreement.[1]

The clerk's record contains a written waiver of appeal signed by appellant, his attorneys, and the trial judge. This document, which reflects a knowing and voluntary waiver of the right to appeal, was signed on the day sentence was imposed in open court. A defendant who knowingly and intelligently waives his right to appeal may not thereafter appeal without the consent of the trial court. *Ex parte Dickey*, 543 S.W.2d 99 (Tex. Crim. App. 1976); *see also Hurd v. State*, 548 S.W.2d 388 (Tex. Crim. App. 1977); *Reed v. State*, 516 S.W.2d 680 (Tex. Crim. App. 1974). The record reflects that appellant sought and was denied permission to appeal. Appellant's general

---

[1] As its part of the bargain, the State abandoned a capital murder count.

notice of appeal also fails to confer jurisdiction on this Court. *See Cooper v. State*, No. 1100-99, slip op. at 6-8 (Tex. Crim. App. April 4, 2001); *Whitt v. State*, No. 03-00-00194-CR (Tex. App.—Austin April 19, 2001, no pet. h.); Tex. R. App. P. 25.2(b)(3).

The appeal is dismissed for want of jurisdiction.

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Dismissed for Want of Jurisdiction

Filed: May 31, 2001

Do Not Publish

2