# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00278-CR

**Roby Trevino Vickers, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 52,677, HONORABLE JOE CARROLL, JUDGE PRESIDING

Appellant Roby Trevino Vickers pleaded guilty to burglary of a habitation. *See* Tex. Pen. Code Ann. ' 30.02 (West Supp. 2002). The district court adjudged him guilty and assessed punishment at imprisonment for ten years, as called for in a plea bargain agreement.

The clerk=s record contains a written waiver of appeal signed by appellant and his attorney. This document reflects a knowing and voluntary waiver of the right to appeal and was signed on the day sentence was imposed in open court. A defendant who knowingly and intelligently waives his right to appeal may not thereafter appeal without the consent of the trial court. *Ex parte Dickey*, 543 S.W.2d 99 (Tex. Crim. App. 1976); *see also Hurd v. State*, 548 S.W.2d 388 (Tex. Crim. App. 1977); *Reed v. State*, 516 S.W.2d 680 (Tex. Crim. App. 1974). There is nothing in the record to indicate that appellant sought or obtained the permission of the trial court to pursue this appeal. Appellant=s general notice of appeal is inadequate to confer jurisdiction on this Court. Tex. R. App. P. 25.2(b)(3); *see Cooper v. State*,

45 S.W.3d 77, 79 (Tex. Crim. App. 2001); *Whitt v. State*, 45 S.W.3d 274, 275 (Tex. App.CAustin 2001, no pet.).

The appeal is dismissed.

_____

Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Dismissed for Want of Jurisdiction

Filed:   May 16, 2002

Do Not Publish