In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00188-CR


______________________________




DONALD EDWARD ELLIS, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 188th Judicial District Court


Gregg County, Texas


Trial Court No. 28,432-A




 






Before Grant, Ross, and Cornelius,* JJ.

Opinion by Justice Cornelius



______________

*William J. Cornelius, Chief Justice, Retired, Sitting by Assignment


O P I N I O N



 Donald Ellis pleaded guilty, as part of a plea bargaining agreement, to four counts of
aggravated sexual assault of a child as part of the same criminal episode. (1) The trial court rejected
Ellis' application for community supervision and sentenced him to fifty years' imprisonment. Ellis
contends that his sentence is disproportionate to the offenses and that the trial court should have
placed him on deferred adjudication community supervision.

 Aggravated sexual assault of a child is a first-degree felony punishable by imprisonment for
life or for not more than ninety-nine years or less than five years. Tex. Pen. Code Ann. § 12.32(a)
(Vernon 1994), § 22.021(e) (Vernon Supp. 2002). Therefore, Ellis' fifty-year sentence is near the
midpoint of the sentencing range.

 Texas courts have traditionally held that as long as the punishment is within the range
prescribed by the Legislature in a valid statute, the punishment is not excessive, cruel, or unusual. 
See, e.g., Jordan v. State, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973). However, in Jackson v.
State, 989 S.W.2d 842, 845 (Tex. App.-Texarkana 1999, no pet.), this Court recognized that a
prohibition against grossly disproportionate punishment survives under the Eighth Amendment apart
from any consideration of whether the punishment assessed is within the range established by the
Legislature. See also Latham v. State, 20 S.W.3d 63, 68-69 (Tex. App.-Texarkana 2000, pet. ref'd).

 Our proportionality analysis under the Eighth Amendment is guided by (1) the gravity of the
offense and the harshness of the penalty; (2) the sentences imposed on other criminals in the same
jurisdiction; and (3) the sentences imposed for commission of the same crime in other jurisdictions. 
Solem v. Helm, 463 U.S. 277, 292, 103 S.Ct. 3001, 77 L.Ed.2d 637, 650 (1983). Only if we infer
that the sentence is grossly disproportionate to the offense will we then consider the remaining
factors of the Solem test and compare the sentence received to sentences for similar crimes in the
same jurisdiction and to sentences for the same crime in other jurisdictions. McGruder v. Puckett,
954 F.2d 313, 316 (5th Cir. 1992); see also Davis v. State, 905 S.W.2d 655, 664-65 (Tex.
App.-Texarkana 1995, pet. ref'd).

 Ellis did not present this issue to the trial court; therefore, he did not preserve it for our
review. See Tex. R. App. P. 33.1(a); Jackson v. State, 989 S.W.2d at 844. Even if Ellis' contention
had been preserved, there is no evidence in the record comparing the sentences imposed on persons
in Texas with sentences imposed against defendants in other jurisdictions who committed a similar
offense. See Latham v. State, 20 S.W.3d at 69; Davis v. State, 905 S.W.2d at 664-65.

 Ellis contends the trial court should have deferred adjudication and placed him on community
supervision. We have already held that the sentence imposed by the trial court is not excessive, so
we find the court did not err in refusing to place Ellis on community supervision. Moreover, the trial
court heard evidence for and against Ellis' plea for community supervision. We find the evidence
is sufficient to support the trial court's decision to deny community supervision and impose a prison
sentence.

 The judgment is affirmed.



 William J. Cornelius

 Justice


Date Submitted: April 25, 2002

Date Decided: July 17, 2002


Do Not Publish

 
1. As part of the plea bargaining agreement, the State agreed to forego prosecution of another
aggravated sexual assault of a child offense and to recommend the punishment for each count of the
indictment run concurrently. See Tex. Pen. Code Ann. § 3.03(b)(2) (Vernon Supp. 2002). There
was, however, no agreement regarding the length of imprisonment should the trial court reject Ellis'
application for community supervision.



eWhenUsed="false" Name="Revision"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00056-CR

                                                ______________________________

 

 

                                          KREASHA SIMS,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 217th
Judicial District Court

                                                           Angelina County, Texas

                                                         Trial Court
No. CR-28025

 

                                                    
                                              

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                                    Opinion by Chief Justice Morriss








                                                                   O P I N I O N

 

            After a
putative waiver of the right to appeal, Kreasha Sims pled guilty, in an open
plea before the 217th Judicial District Court in Angelina County,[1]
to the offense of arson.[2]  After signing her waiver and before she pled
guilty, Sims had been admonished by the trial court that she had waived the
right to appeal anything except matters arising from the sentencing
hearing.  After her plea and some delay
in getting a presentence investigation (PSI) report, the trial court found her
guilty and sentenced her to ten years confinement in this case and five years
confinement in the companion case.  

            Sims seeks
to appeal from her conviction, arguing that her guilty plea was involuntary and
that her trial counsel was ineffective. 
The State cites the waiver of the right to appeal and contests Sims
substantive arguments on appeal.  We
affirm the trial courts judgment becausealthough (1) Sims right to appeal
was not waived(2) improper admonishments by the trial court did not make Sims
plea involuntary, (3) the claim that Sims plea was involuntary due to her
alleged incompetence was not preserved, and (4) the record does not demonstrate
ineffectiveness by Sims trial counsel.

(1)        Sims Right to Appeal
Was Not Waived

 

            The first
question we must address involves the jurisdiction of this Court.  The trial courts certification of Sims
right to appeal contains a handwritten notation reciting that Sims waived her
right to appeal the guilty plea in this case, but that she reserved the right
to appeal the punishment proceedings.[3]

            When a
defendants waiver of the right to appeal was entered before he or she knew
what the punishment would be, the waiver is ineffective.  See Ex
parte Delaney, 207 S.W.3d 794, 797 (Tex. Crim. App. 2006); Blanco v. State, 18 S.W.3d 218, 21920
(Tex. Crim. App. 2000) (waiver of appeal enforceable when executed after
conviction, but before sentencing, in exchange for recommended sentence).  Thus, post-sentencing waivers of the right to
appeal are valid, as are waivers when plea agreements have been entered.  Another way a presentencing waiver can be
enforceable without a plea agreement is when the State has given some
consideration for the waiver, such as a consent in some other aspect of the
case.  Ex parte Broadway, 301 S.W.3d 694 (Tex. Crim. App. 2009).  None of those factors support the waiver in
this case.  On its face, therefore, it
appears that this waiver fails.

            The State
cites an earlier case for the proposition that a valid, nonnegotiated waiver of
appeal will prevent a defendant from appealing any issue without the consent of
the trial court.  Monreal v. State, 99 S.W.3d 615, 616 (Tex. Crim. App. 2003).  In its argument, the State relies on
particular language from Monreal:

When asked to choose between a rule stating that
a waiver of appeal is binding unless and until the defendant files a notice of
appeal and a rule stating that a valid waiver of appeal is binding on the
defendant and will prevent the defendant from appealing without the consent of
the trial court, we have consistently opted for the latter.  See Ex
parte Dickey, 543 S.W.2d 99; Johnson,
556 S.W.2d 816; Ex parte Tabor, 565
S.W.2d 945.  This decision has never been
based on whether the defendant received some benefit in exchange for the
waiver, but rather on whether, as the rule states, the waiver was voluntary,
intelligent, and knowing, and thus valid. 
See Id.; and also Blanco, 18
S.W.3d 218.

 

Id. at 622.  Notwithstanding that general language, the
question before us is whether Sims waiver is valid.

            To be valid
under the more recent and controlling authorities referenced above, Sims must
know the consequences of her waiver or there must be some consideration
provided by the State so that a true bargain exists.

            In this
case, the defendant pled guilty with no plea agreement.  After taking Sims plea October 26, 2009, the
trial court did not find her guilty, but continued the trial pending receipt of
a PSI.  At some point before the plea
proceeding, Sims had signed a waiver of right of appeal, as acknowledged by the
trial court.  During the plea, the court
informed Sims that she had given up the right to appeal any matter but the
sentencing hearing.  The record contains
a written waiver of right of appeal, signed by Sims October 26, which contains
this language:

Having been informed of whatever right to appeal
may exist, and having agreed to waive my right to appeal both guilt/innocence
and punishment, and after having consulted with my attorney, I hereby voluntarily,
knowingly and intelligently waive my right to appeal.  

 

            As
previously noted, the final version of the certification of right of appeal
signed by the trial court in this case states that Sims has waived her right of
appeal except for punishment issues.  The
punishment phase was conducted in late February 2010, and Sims was sentenced in
early March.

            In this
case, Sims signed a waiver before being sentencedeven before the trial court
concluded the guilt portion of the proceedingand after the court had explained
the range of punishment for the offenses. 
The State made no punishment recommendation.  Cf. Delaney,
207 S.W.3d at 799.  But, simply knowing
the range of punishment for the offense is not enough to make the consequences
of a waiver known with certainty.  Broadway, 301 S.W.3d at 698.  No plea agreement existed, and this record
does not reflect that any other sort of agreement existed either.  See id.
at 697.

            There is
nothing in this record to indicate that Sims written waiver was bargained for,
that any consideration was given by the State for the waiver, or that the
punishment was known.  Under these facts
and the analysis endorsed by the Texas Court of Criminal Appeals, this waiver
could not qualify as being voluntarily, knowingly, and intelligently
made.  The appeal is therefore fully
before this Court, and we will not limit its scope as suggested by the trial courts
addendum to the certification.

(2)        Improper Admonishments by the Trial
Court Did Not Make Sims Plea Involuntary

 

            Sims
contends that her plea of guilty was involuntary because the trial court did
not adequately admonish her.  See Tex.
Code Crim. Proc. Ann. art. 26.13 (Vernon Supp. 2010).   Article 26.13 contains a series of
admonishments that are to be given to defendants who plead guilty.  Substantial compliance with the statute is
sufficient unless a defendant shows that he or she was not aware of the
consequences of the plea and was also misled or harmed by the
admonishment.  Tex. Code Crim. Proc. Ann. art. 26.13(c).  An admonishment error asserted under Article
26.13(a) is subject to a harm analysis, because it is statutory and not
constitutional in nature.  Aguirre-Mata
v. State, 992 S.W.2d 495
(Tex. Crim. App. 1999); see Tex. R. App. P. 44.2(b).

            Sims
contends that she was improperly admonished and that the improper admonishment,
along with the totality of the surrounding circumstances, resulted in harm
through the entry of an involuntary plea.[4]  She acknowledges that the written admonishments
did, as required by Article 26.13 of the Texas Code of Criminal Procedure,
specify the offense alleged, the range of punishment for the crime, and also
contained a blanket statement that Sims was competent and understood what went
on before the plea.  The document also
contains language stating that Sims pleads guilty and waives a jury trial, a
statement that, if the court assesses punishment, a PSI will be conducted, and
the previously discussed language concerning her loss of her right to appeal.

            Sims was
given an admonishment that incorporated the language set out by Article
26.13(a)(3) of the Texas Code of Criminal Procedure, but added the incorrect
information set out above.  We consider inaccurate
additions to an admonishment to be a part of that admonishment.  Thus, in the absence of an express waiver, a
complaint concerning the admonishment may be raised for the first time on
appeal.

            The question
is whether the failure to properly admonish Sims was such as to affect her substantial
rights.  See Tex. R. App. P. 44.2(b);
Bessey, 239 S.W.3d at 81213.  In applying Rule 44.2(b) to the failure to
give an admonition, we should consider the record as a whole to determine
whether, in this particular case, the error substantially affected the
defendants rights.  Anderson v. State, 182 S.W.3d 914, 918 (Tex. Crim. App. 2006).  In Anderson,
the court considered the strength of the evidence of guilt, whether the record
indicates that the appellant was aware of the requirement, and whether the
omitted admonition actually applied to the appellants situation. 

            In this
case, as a plea of guilty, evidence of guilt is stipulated and is not at
issue.  The record also does not suggest,
however, that Sims or her counsel were aware that the information provided by
the trial court was erroneous. 
Certainly, the error was directly applicable to Sims situation.

            But that
does not justify reversal in this instance. 
Sims was informed incorrectly that she had no right, or a limited right,
of appeal.  We see nothing suggesting
that this inaccurate warning, even though given both in writing and orally,
would be such as to encourage her to plead guilty.  Indeed, the expected result would be
precisely the opposite.

            Sims also
argues that the conflicts among the invalid waivers, the incorrect written
admonishments, and the erroneous oral comments by the trial court were such as
to cause harm.  Because any effect of
such conflicts would be to discourage a guilty plea, not to encourage one,
there was no harm here.

            We overrule
this point of error.

 

 

 

 

 

 

 

 

(3)        The Claim that Sims Plea Was
Involuntary Due to Her Alleged Incompetence Was Not Preserved

 

            Sims has
suffered from mental problems to such a degree that she has been
institutionalized and was bench warranted from Rusk State Hospital to Angelina
County for trial October 14, 2009, following receipt of a report October 9,
2009, from the hospital stating that she was now competent to stand trial.  She asserts that there was no inquiry as to
her condition or competency at any of the various hearings and that the failure
in the admonishments would be such as to confuse a fully competent person, much
less a person whose capabilities were questionable.

            The State
contends that this argument has not been preserved for review.  We agree.

            Before the
trial court, Sims did not object to the plea proceeding or challenge the
voluntariness of her plea.  Without a
timely objection, motion, or request that the trial court inquire into the
voluntariness of her plea, Sims has forfeited her right to complain about the
issue on appeal.[5]  See Mendez,
138 S.W.3d at 339, 350; Cain v. State,
947 S.W.2d 262, 264 (Tex. Crim. App. 1997). 
We overrule this point of error.

 (4)      The
Record Does Not Demonstrate Ineffectiveness by Sims Trial Counsel

 

            Sims also
contends that she received ineffective assistance of counsel at trial, pursuant
to Strickland v. Washington, 466 U.S.
668 (1984).  This is based on trial
counsels failure to argue that Sims was incompetent to stand trial.  With the exceptions discussed above, the
record is effectively silent on this matter.  Where an appellate
record is silent as to why trial counsel failed to take certain actions, the
appellant has failed to rebut the presumption that trial counsels decision was
in some way reasonable.  See Mata v.
State, 226 S.W.3d 425, 431 (Tex. Crim. App. 2007).  In this case, there is no record at any level
to indicate why counsel chose to take or declined to take any of these actions.

            The
ineffectiveness of counsel is a matter that must be firmly founded in the
record, and the record must affirmatively demonstrate the alleged
ineffectiveness.  Smith v. State,
51 S.W.3d 806, 812 (Tex. App.Texarkana 2001, no pet.).  In the absence of such a record, and lacking
anything that would indicate such completely ineffective assistance as could be
shown without such a record, we overrule the point of error.

            We affirm
the judgment.

 

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date Submitted:          August
30, 2010

Date Decided:             October
15, 2010

 

Publish











[1]Originally
appealed to the Twelfth Court of Appeals, this case was transferred to this
Court by the Texas Supreme Court pursuant to its docket equalization
efforts.  See Tex. Govt Code Ann.
§ 73.001 (Vernon 2005).  We are unaware
of any conflict between precedent of the Twelfth Court of Appeals and that of
this Court on any relevant issue.  See Tex.
R. App. P. 41.3.

 





[2]The
trial court proceeding appealed in this matter bears the trial courts cause
number 28,025.  In a companion case,
trial court cause number 29,162, Sims pled guilty to aggravated assault on a
public servant.  That companion appeal
bears our cause number 06-10-00057-CR and is being decided at the same time as
this case.





[3]The
written plea admonishments used here are a fairly typical check the box
boilerplate form that tries to cover every possible variation of sentencing,
and provides admonishments to the defendant. 
Sims form contains the following admonishment:

 

PERMISSION TO APPEAL:  . . . where you plead guilty or nolo contendere
without a plea bargain agreement, all nonjurisdictional defects, including
claimed deprivations of federal due process, are waived and no appeal may be
made.

 

This is not one of the required admonishments set out
by Article 26.13 of the Texas Code of Criminal Procedure.  With some additions, it derives from the old Helms rule.  See
Helms v. State, 484 S.W.2d 925, 926
(Tex. Crim. App. 1972).  In 2000, however,
the Texas Court of Criminal Appeals superseded Helms in adopting a new rule:

 

Whether entered with or without an
agreed recommendation of punishment by the State, a valid plea of guilty or
nolo contendere waives or forfeits the right to appeal a claim of error only
when the judgment of guilt was rendered independent of, and is not supported
by, the error.

 

Young v. State,
8 S.W.3d 656, 66667 (Tex. Crim. App. 2000).  After Young,
a guilty plea does not necessarily waive a right to any appeal.  Thus, the admonishment given Sims is not
accurate and is misleading as to the rights of a defendant who pleads guilty
without a plea agreement.

 

                The
erroneous admonishment was repeated orally during the plea proceeding.  The State suggests that perhaps the oral exchange
would suffice to show Sims intention to waive her right of appeal.  It does not. 
It is nothing more than her acknowledgement of a pronouncement by the
trial court.  As the pronouncement was
incorrect, we find Sims acknowledgement thereof irrelevant.





[4]The
State contends that this argument has been waived.  We disagree. 
Errors may be raised for the first time on appeal if the complaint is
that the trial court disregarded an absolute or systemic requirement or that
the appellant was denied a waivable-only right that was not waived.  Mendez
v. State, 138 S.W.3d 334, 342 (Tex. Crim. App. 2004);  Marin v.
State, 851 S.W.2d 275, 280 (Tex. Crim. App. 1993).  A defendants right to be properly admonished
is a waivable-only right, because a trial court has a statutory duty to
properly admonish defendants as described by Article 26.13 of the Texas Code of
Criminal Procedure.  Bessey v. State, 239 S.W.3d 809, 81213 (Tex. Crim. App. 2007).  A law that puts a duty on the trial court to
act sua sponte, creates a right that is waivable only.  It cannot be a law that is forfeited by a
partys inaction.  Mendez, 138 S.W.3d at 342. 
Thus, a courts failure to properly admonish a defendant cannot be
forfeited by inaction and may be raised for the first time on appeal unless it
is expressly waived.





[5]Even
if this claim had been preserved, the record would not sustain it.  A person is presumed to be competent to stand
trial unless proven incompetent.  Tex. Code Crim. Proc. Ann. art. 46B.003(b)
(Vernon 2006).  A person is incompetent
to stand trial if that person lacks sufficient present ability to consult with
[that] persons lawyer with a reasonable degree of rational understanding; or .
. . [if that person lacks] a rational as well as factual understanding of the
proceedings against [that] person.  Tex. Code Crim. Proc. Ann. art. 46B.003(a)(2)
(Vernon 2006).  If evidence of the
defendants incompetence is brought to the courts attention from any source,
the court must conduct a hearing out of the presence of the jury to determine
whether there is evidence to support a finding of incompetency to stand
trial.  Tex.
Code Crim. Proc. Ann. art. 46B.004(b) (Vernon 2006).  In this case, the trial court had recent
information that Sims was competent, the attorney was willing to agree that she
was, and our review of the record does not affirmatively show Sims lack of
understanding of the proceedings. 
Admittedly, she exhibited some confusion at the end of the proceedings
concerning the existence of a further bond, but that confusion is hardly
unusual in such a situation for a defendant and does not tend to show
incompetence.  Her head nods and somewhat
unclear answers in response to questions about her understanding of the various
documents she had signed may show some confusion, but likewise fail to show
incompetence.  This record does not show
that Sims substantial rights were compromised by errors committed by the trial
court.